■
**STEPHENSON'S RESTAURANTS, INC.,
and Great White Rabbit, Inc. d/b/a Stephenson's Apple Tree Inn Restaurant,
Respondents,**

v.

**MISSOURI STATE HIGHWAY AND
TRANSPORTATION COMMISSION,
Appellant.**

**No. WD 34282.**

Missouri Court of Appeals,
Western District.

Jan. 24, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Feb. 28, 1984.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Jefferson City, for appellant.

Sharon A. Cooney, Smith, Gill, Fisher & Butts Inc., Kansas City, for respondents.

Before SOMERVILLE, P.J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

This appeal involves construction of the Billboards Law §§ 226.500 through 226.-600, RSMo Supp.1982]. The final decision of the Missouri State Highway and Transportation Commission determined that an off-premises outdoor sign owned and displayed by Stephenson's Restaurants, Inc. and Great White Rabbit, Inc., dba Stephenson's Apple Tree Inn, violated the space interval provisions of the Law, and so ordered removal. The circuit court reversed the decision of the Commission on the ground that the sign was exempt from the control of the Billboards Law under the terms of § 226.540(6). The Commission appeals.

The respondents Stephenson's erected an outdoors and off-premises advertisement sign located .67 miles south of Route 45 and within 660 feet of the Interstate 29 right-of-way and visible from the main traveled way of that interstate route. The sign is within 250 feet of an existent sign on the same side of Interstate 29, but an outer roadway—N.W. Prairie View Road—intervenes between the traveled way of Interstate 29 and the sign. The sign rests within the corporate boundary of Kansas City [a municipal zoning authority within §§ 226.500 through 226.600], and at the time of construction the site was zoned for commercial use by the City. The sign was erected under permit from the City issued pursuant to enacted ordinances.

Chapter 65 of the municipal ordinances regulates the size, lighting and space intervals of signs in areas zoned for commercial use. Ordinance § 65.220 designates:

No outdoor advertising sign structure, hereafter erected, shall be less than *two hundred [200] feet* from any other existing outdoor advertising sign structure on the same side of the street; provided, however, as to limited access trafficways and interstate highways, the minimum distance between outdoor advertising sign structures on the same side of the

street shall not be less than *eight hundred [800] feet.*

The Billboards Law, however, prescribes [§ 226.520]:

[N]o outdoor advertising sign shall be erected or maintained within *six hundred sixty feet* of the nearest edge of the right-of-way and visible from the main traveled way of any highway which is a part of the interstate or primary system in this state *except the following*:

.  .  .  .  .

(3) *Outdoor advertising located in areas which are zoned industrial, commercial* or the like *as provided in sections 226.500 to 226.600 or under other authority of law.* [emphases supplied]

The dispensation § 226.520(3) accords an outdoor advertisement structure in an area zoned for commercial use [the encroachment of the sign within 660 feet of the interstate right-of-way], however, is subject to the conditions enumerated in § 226.540:

Notwithstanding any other provisions of sections 226.500 to 226.600, outdoor advertising shall be permitted within six hundred and sixty feet of the nearest edge of the right-of-way of any interstate or primary highway in areas zoned industrial, commercial or the like ... subject to the following regulations which are consistent with customary use in this state:

(1) Lighting:

.  .  .  .  .

(2) Size of signs:

.  .  .  .  .

(3) Spacing of signs:
  (a) Interstate highways and freeways on the federal-aid primary system:
  a. *No sign structure shall be hereafter erected within five hundred feet of an existing sign on the same side of the highway.* [emphasis added]

The subject sign, as we note, was in an area zoned by the municipality for commercial use, and was installed within 250 feet of a preexistent sign, stands within 660

feet of the I–29 right-of-way, and is visible from the main traveled way of that thoroughfare. The Commission issued a notice to Stephenson's that the sign violated the space interval requirement [500 feet] of § 226.540(3) and ordered removal. Administrative review affirmed the order. Stephenson's took judicial review and the circuit court adjudged that § 226.540(6) operated to exempt the sign from the Billboards Law.

The text of § 226.540(6) provides:

In zoned commercial and industrial areas, whenever a state, county or municipal zoning authority has adopted laws or ordinances which include regulations with respect to the size, lighting and spacing of signs, *which regulations are consistent with the intent of sections 226.500 to 226.600 and with customary use*, then from and after the effective date of such regulations, and so long as they shall continue in effect, *the provisions of this section shall not apply* to the erection of signs in such areas, nor shall any state permit or permit fees be required. [emphasis added]

■ On this appeal, the Commission contends that the 250 feet space interval prescribed for outdoor advertisement signs in areas zoned for commercial use by ordinance Section 65.220 infringes the Spacing of Signs § 226.540(3) of the statutes and customary use and so violates the Billboards Law. The judicial review of a contested administrative case in the court of appeals is of the agency decision, and not the judgment of the circuit court. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184[1, 2] (Mo. banc 1982); § 536.140, RSMo 1978. The appeal presents a question of law and so is a matter for the independent judgment of the court of review. The conclusion adopted by the Commission from a construction of the Billboards Law, therefore, does not control our decision. *Kansas City v. Missouri Commission on Human Rights*, 632 S.W.2d 488, 490[1, 2] (Mo. banc 1982).

■ The Billboards Law [§§ 226.500 to 226.600] manifests a purpose, among oth-

ers, to preserve the natural scenic beauty of highways and so promote the enjoyment of travel upon these thoroughfares. To that end, the Billboards Law regulates outdoor advertisement signs and prohibits the erection or maintenance of any such device within 660 feet and visible from the main traveled way of an interstate or primary highway [per § 226.520]. That statute ameliorates the proximity restriction by the exceptions enumerated in subsections (1) through (5) of § 226.520: among them, subsection (3)—outdoor advertisement signs in areas zoned commercial "as provided in sections 226.500 to 226.600 [the Billboards Law] or under other authority of law."

Stephenson's concedes its sign comes within the general prohibition of the Billboards Law because sited within 660 feet of Interstate 29. It contends, nevertheless, that since the sign is sited in a commercial area, the device was invested as a lawful use because it satisfied one of the alternative exceptions of subsection (3) to § 226.-220: that an outdoor advertisement sited in an area zoned commercial conformable to §§ 226.500 to 226.600 [the Billboards Law] *or* under other authority of law avoids the 660 feet proximity restriction. That amelioration, however, is subject to the express conditions of § 226.540 that an outdoor advertisement shall be permitted within 660 feet of the highway in an area zoned for commercial use *subject to the enumerated regulations which are consistent with customary use in this state*:

§ 226.540, subsection (3), Spacing of Signs

. . . . .

a. No sign structure shall be hereafter erected *within five hundred feet of an existing sign* on the same side of the highway. [emphasis added]

Stephenson's concedes also that if the sign is subject to that provision, then the alternative exception of § 226.520(3) that a sign in a commercial area be conformable to the provisions of the Billboards Law would not be satisfied—because the subject sign is within 250 feet of an existent advertisement. Stephenson's argues, however, that

its sign is not subject to the provisions of the Billboards Law because it exists *under other authority of law*—the city ordinance—and so conforms with the other alternative of § 226.520(3) which validates a sign notwithstanding a nearer proximity to the highway than 660 feet.

That syllogism is faulty.

■■■ To give effect to its declared purpose, the Billboards Law prohibits an outdoor advertisement visible from the highway within a proximity of 660 feet of the way [§ 226.520]. That prohibition is ameliorated to allow such a sign within that proximity in an area zoned for commercial use, but only if as "provided in sections 226.500 to 226.600 [the plenary Billboards Law] or under other authority of law" [§ 226.520(3) ]. There is provided in the Billboards Law another impingement on that amelioration: the permission to display an outdoor advertisement within 660 feet of the highway is made subject [by § 226.540] to the regulations on lighting, dimensions and space intervals between signs—which enumerations that section declares to be *"consistent with customary use in this state."* [emphasis added] The space interval regulation subsection (3)(a)a. of § 226.540 enacts as of "customary use in this state" is a distance of no less than 500 feet from an existent sign on the same side of the highway. Thus, the municipal ordinance Section 65.220 which undertakes to validate a space interval of no less than 200 feet from an existent sign on the same side of the street has no effect to supersede the interval of 500 feet declared by § 226.540(3)(a)a. Thus, also, the subject sign, although placed 250 feet from an existent sign—and so conformable to the ordinance—nevertheless violates the statute and is unlawful. That a municipal or other governmental regulation of the size, lighting and space intervals of outdoor advertisement signs in areas zoned for commercial use by such authority must conform to the standards enacted by the Billboards Law as prerequisite to the dispensation of a proximity nearer than 660 feet of the highway is commanded by the express

terms of § 226.540 and of subsection (6) that such "size, lighting and spacing ... regulations [be] consistent with the intent of sections 226.500 to 226.600 and with customary use ...." That the Billboards Law intends that the regulations as to size, lighting and space intervals promulgated by subsections (1), (2) and (3)—among them, (3)(a)a.: that no sign structure shall be erected within five hundred feet of an existent sign on the same side of the highway—are definitions of *customary use in this state* is manifest by the simple declaration of the § 226.540 preamble to the promulgations that "the following regulations ... are consistent with customary use in this state."

▪ The space interval regulation enacted by municipal ordinance § 65.220, as we note, fails to conform to the 500 feet minimum the statute requires and therefore is not consistent with customary use in this state.

▪ Stephenson's argues that the sign is not subject to the Billboards Law because it exists "under other authority of law." That allusion is to subsection (3) of § 226.520 which prohibits an outdoor advertisement sign within 660 feet of an interstate or primary highway except, among others, those located "in areas which are zoned ... commercial ... as provided in sections 226.500 to 226.600 [the plenary Billboards Law] *or under other authority of law.*" The premise of argument is that the sign was under license by authority of municipal ordinance in a zone created by the city and hence the size, lighting and space interval regulations imposed by Billboards Law do not apply or impinge upon the municipal enactment on the subject. The term *other authority of law* means a governmental action, legislative or otherwise, extraneous to and other than the Billboards Law enactment itself. The exception that a sign in an area zoned by a city for commercial use may encroach within 660 feet of a highway is a creation of the Billboards Law itself. There could be no such exercise of right by a municipality unless under a power ceded by the statute.

[§ 226.500]. The Billboards Law, however, imposes a contingency upon the grant of that dispensation: that the municipal regulations as to the size, lighting, and space intervals of signs within such an established zone conform to the prescriptions of that statute. Thus, a municipal or other governmental authority must conform its regulations to the statutory model to have efficacy at all. Thus, also, the right of an owner of an outdoor sign within a municipality to exhibit the advertisement derives altogether from the enablement of the Billboards Law.

▪ In effect, then, the syllogism Stephenson's propounds falters in its major premise: the power of a municipality to license an outdoor advertisement sign within 660 feet of a highway derives not from the ordinance itself but is a concomitant of continued municipal conformance with the terms of Billboards Law. § 226.540(6); *National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536, 540[3] (Mo.App.1977).

Stephenson's final point contends that the decision of the Commission that ordinance § 65.220 was inconsistent with the Billboards Law and so not within the exemption of § 226.540(6), was in excess of authority and, if allowed to stand, renders that statute—§ 226.540(6)—unconstitutionally vague.

At the administrative hearing there was contention whether the sign was subject to the 200 feet or 800 feet space interval qualification of ordinance § 65.220. The enactment prescribed the 200 feet interval between an installation and an existent outdoor advertisement sign on the same side of the street, and the 800 feet interval as to such an installation on limited access highways and interstate highways. There was no evidence, nor intimation other than the ordinance text itself, as to the basis on which the city license for the Stephenson's sign issued. It can only be surmised that the city authority concluded that the intervention of N.W. Prairie View Road between the sign and the highway rendered the 200 feet, rather than the 800 feet, con-

dition of the ordinance operative. The conclusion of law of the Commission decision construed that the 800 feet [and not the 200 feet] interval was properly applicable to the sign, so that the "application of the city ordinance [by the municipality as the basis for the license] was inconsistent with the 500 foot spacing requirement of Section 226.540(3) and the intent of [the Billboards Law] ... [so that] the sign does not fall within the exemption of Section 226.-540(6)."

Stephenson's cites no authority for its contention that the agency was authorized to inquire into the content of the ordinance, but not its application, to come to decision. Nor does the petition for review taken by Stephenson's from the decision of the administrative agency preserve the constitutional aspect of this composite contention. That assertion of administrative error, therefore, is not entitled to our appellate review. *Citro v. City of Lee's Summit*, 658 S.W.2d 86, 88[2] (Mo.App. 1983). The appeal, in any event, presents a question of law: the construction of the Billboards Law and, as an incident, whether the municipal ordinance § 65.220 [and the size, lighting and space interval regulation components of that enactment] conforms with the intent of the statute so as to validate the city license to Stephenson's. A determination of law by an administrative agency, of course, does not control the review of a court. *Kansas City v. Missouri Commission on Human Rights*, 632 S.W.2d 488, 490[1, 2] (Mo. banc 1982). We have determined that the Billboards Law intends that no outdoor advertisement sign visible from an interstate or primary highway may be constructed within 660 feet of the right-of-way, except those enumerated in the subsections of § 226.520—in an area zoned commercial by a municipality, among them—but only on condition that the ordinance regulations conform with the 500 feet space interval prescribed by subsection (3)(a)a. of § 226.540. The ordinance regulation under which the license to Stephenson's issued prescribes a 250 feet space interval and so is not consistent with the intent of the Billboards Law. The sign constructed under the municipal license and sited within 500 feet of an existent advertisement structure, therefore, is unlawful, and subject to removal. The conclusion of law entered by the Commission to sustain decision, however awkwardly formulated, means the same. The judgment of the circuit court is reversed and remanded with directions to reinstate the order of the Commission that Stephenson's remove the sign.

All concur.