OUTCOM, INC., Appellant,

v.

The CITY OF LAKE ST. LOUIS, Respondent.

No. 69504.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Case Transferred to Supreme Court March 25, 1997.

Case Retransferred to Court of Appeals June 17, 1997.

Original Opinion Reinstated June 19, 1997.

Dana Hockensmith, Weir, Hockensmith & Sherby, P.C., St. Louis, for Appellant.

Jay A. Summerville & Ann E. Buckley, Ann E. Buckley, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for Respondent.

WILLIAM E. TURNAGE, Senior Judge.

Outcom, Inc. ("Outcom") filed suit for declaratory judgment to declare an ordinance of the City of Lake St. Louis ("City") regulating off-premises advertising signs to be invalid. The court held the ordinance was valid and Outcom has appealed contending that the ordinance is void because it contains regulations which do not conform to regulations contained in § 226.540, RSMo 1994.[1] Reversed and remanded.

1. All statutory references are to RSMO 1994 un-        less otherwise stated.

In 1994, Outcom made application to the City for permits to erect eight signs along I-70 on sites where Outcom had obtained the owners' permission to erect a sign. Outcom has obtained State permits for. the signs. When the applications were first submitted, City ordinances prohibited off-premises signs. Subsequent to Outcom's application, the City enacted a new ordinance which allowed off-premises signs and established size, lighting, spacing and other requirements. The City denied Outcom any permits because placing signs on the eight sites would violate the requirements of the ordinance.

The court entered findings of fact and conclusions of law but the facts are not in dispute and the only question is a question of law. The court held the City had the power to. enact reasonable regulations under § 226.527.4 and the regulations were reasonable. Outcom contends the City could only impose regulations consistent with § 226.540(1)(2)(3).

The issue to be decided is whether or not the City may adopt reasonable regulations to control outdoor advertising within 660 feet of an interstate highway, or must the ordinance conform to the regulations in § 226.540.

Outcom contends that § 226.540 controls signs within 660 feet of the right-of-way of an interstate highway. That section contains lighting, size and spacing requirements for signs within 660 feet of the right-of-way and declares such regulations are consistent with customary use in this State.

The City contends that under § 226.527.4 it has the power to subject signs within 660 feet of the right-of-way to all reasonable regulations that it enacts.

Section 226.527.4 states:

4. In addition to any applicable regulations set forth in sections 226.500 through 226.600, signs within an area subject to control by a local zoning authority and wherever located within such area shall be subject to reasonable regulations of that local zoning authority relative to size, lighting, spacing, and location; provided, however, that no local zoning authority shall have authority to require any sign within its jurisdiction which was lawfully erected and which is maintained in good repair to be removed without the payment of just compensation.

The genesis of this controversy is the mandate from Congress that the States adopt regulations to control advertising signs along interstate and primary roads or lose ten percent of their federal highway funds. Congress first passed legislation requiring control of signs in 1958. 23 U.S.C. § 131. That act applied only to signs within 660 feet of the highway right-of-way. In 1965, Missouri passed its first law dealing with signs. Sections 226.500 to 226.600 RSMo 1969. That law dealt with signs within 660 feet of the highway right-of-way and contained regulations concerning the size and spacing of signs. See § 226.540 RSMO 1969.

In 1975, Congress amended 23 U.S.C. § 131 and for the first time required that States make provision for effective control of "those additional outdoor advertising signs, displays, and devices which are more than 660 feet off the nearest edge of the right-of-way, located outside of urban areas . . . ." 23 U.S.C. § 131(b).

In response to the action of Congress in 1975, the General Assembly passed House Bill 1478 in 1976. *See Eller Outdoor Advertising v. Mo. State Highway Comm'n,* 629 S.W.2d 462, 464 (Mo.App.1981). That act contained § 226.527 which was the first time Missouri dealt with signs beyond 660 feet of the right-of-way. Section 226.527.1 prohibits outdoor advertising beyond 660 feet of the right-of-way with certain exceptions not applicable here. As noted, § 226.527.4 allowed a local zoning authority to adopt reasonable regulations relating to size, lighting and spacing of signs.

House Bill 1478 also re-enacted § 226.540 with some new provisions. Section 226.540 in the preamble states that outdoor advertising is permitted within 660 feet of an interstate highway in areas zoned industrial or commercial or the like "subject to the following regulations which are consistent with customary use in this state . . ." Section 226.540(1) contains lighting regulations. It permits certain types of lighting but does not contain a maximum on the candle power of lights on a sign. In sub-section (2) signs are

limited in size to an area of 1200 square feet with a maximum height of 30 feet and length of 60 feet, excluding base or apron supports. Sub-section (3) provides that no sign could be erected within 500 feet of an existing sign on the same side of an interstate highway.

The City ordinance provided that lighting on signs was limited to 20 candle power, the height was limited to 35 feet, and no sign could be within 1000 feet of an existing sign on the same side of the highway.

Much of the language in § 226.540 comes from 23 U.S.C. § 131(d) which applies to signs within 660 feet of the right-of-way. 23 U.S.C. § 131(d) (1988) in relevant part provides:

> In order to promote the reasonable, orderly and effective display of outdoor advertising while remaining consistent with the purposes of this section, signs, displays, and devices whose size, lighting and spacing, consistent with customary use is to be determined by agreement between the several States and the Secretary, may be erected and maintained within six hundred and sixty feet of the nearest edge of the right-of-way within areas adjacent to the Interstate and primary systems which are zoned industrial or commercial under authority of State law,.... The States shall have full authority under their own zoning laws to zone areas for commercial or industrial purposes, and the actions of the States in this regard will be accepted for the purposes of this Act. Whenever a bona fide State, county, or local zoning authority has made a determination of customary use, such determination will be accepted in lieu of controls by agreement in the zoned commercial and industrial areas within the geographical jurisdiction of such authority.

While the Federal Act requires size, lighting and space regulations to be consistent with customary use as to signs within 660 feet of the right-of-way, it does not contain any requirements for signs beyond 660 feet other than that the State make provisions for effective control of such signs.

It is clear that § 226.527 was passed in response to the action of Congress to require States to control signs beyond 660 feet of the right-of-way as shown by § 226.527.1 which prohibits signs beyond 660 feet from the highway with certain exceptions. Consistent with the lack of specific direction Congress gave as to how the States should control signs beyond 660 feet of the highway, § 226.527.4 simply allowed local zoning authorities to make reasonable regulations.

In contrast, Congress was specific as to what States were required to do to control signs within 660 feet of the right-of-way—to regulate size, lighting and spacing consistent with customary use. By using the language of Congress in § 226.540 it is obvious that section was passed to comply with 23 U.S.C. § 131(d). The preamble of § 226.540 states that it permits signs within 660 feet of the right-of-way and the remaining parts of the section apply only to signs within 660 feet.

■ With this legislative history it is clear that § 226.527.4 applies only to signs beyond 660 feet of the right-of-way. The limited requirements Congress imposed on the States to control signs beyond 660 feet explains the provisions of § 226.527.4 that reasonable regulations could be imposed. But consistent with 23 U.S.C. § 131(d), § 226.540 contains regulations for signs within 660 feet with specific regulations as to lighting, size and spacing which the legislature found to be consistent with customary use.

The City contends that § 226.527.4 allows it to adopt additional regulations on aspects of size, lighting, spacing and location which are not addressed by the act. It contends that § 226.540.7 applies to regulation of matters addressed in the statute such as spacing of signs, but allows the City to adopt regulations which are more restrictive than those contained in that section. The above discussion demonstrates that § 226.527.4 does not apply in this case because it applies only to signs beyond 660 feet of the highway.

The contention of Outcom that the City ordinance must conform to the regulations in § 226.540.7 is now taken up.

In *Stephenson's Restaurants v. Mo. State Highway & Transp. Comm'n*, 666 S.W.2d 437 (Mo.App.1984), the court considered a city ordinance which allowed signs along the

**4**

same side of an interstate to be 250 feet apart. The court held that the ordinance was invalid because the legislature had provided in § 226.540(7) that municipal laws which regulate size, lighting and spacing of signs must be consistent with the intent of §§ 226.500 to 226.600 and "with customary use." The court held that the legislature found the regulations it wrote into § 226.540 were consistent with customary use as stated in the preamble to such section. The court held that the 250 foot interval was invalid because it failed to conform to the 500 foot interval which § 226.540(3)(a)a required and for that reason the ordinance was not consistent with customary use in this state. 666 S.W.2d at 442[6]. The court further stated:

> We have determined that the Billboards Law intends that no outdoor advertisement sign visible from an interstate or primary highway may be constructed within 660 feet of the right-of-way, except those enumerated in the subsections of § 226.520—in an area zoned commercial by a municipality, among them—but only on condition that the ordinance regulations conform with the 500 feet space interval prescribed by subsection (3)(a)a. of § 226.540.

666 S.W.2d at 443.

Under *Stephenson's*, municipal ordinance regulations must conform with the regulations which the legislature found to be consistent with customary use in § 226.540.

The City contends that in *Stephenson's* the court was dealing with a requirement which was less than the 500 foot requirement of § 226.540(3)(a)a and for that reason the court held the ordinance to be invalid. However, a reading of *Stephenson's* reveals that the court held that the municipal ordinance must *conform* to the requirements of § 226.540. Thus, it would make no difference whether the municipal ordinance requires a greater or lesser space between signs than the statute requires, the ordinance would still have to conform to the 500 foot space requirement of the statute.

*Stephenson's* was cited with approval in *National Advertising v. Mo. State Highway & Transp. Comm'n.*, 862 S.W.2d 953, 956 (Mo.App.1993). In that case this court held that municipal regulations regulating signs must meet the test in § 226.540(2). This court stated that "[p]art three of the test

requires the ordinance to be consistent with customary use.... [t]he preamble to § 226.540 of the Act defines customary use to be use consistent with the Act's regulations." 862 S.W.2d at 956.

■ Under *Stephenson's* and *National Advertising* the municipal regulation must be consistent with the size, lighting and spacing of sign requirements contained in § 226.540. It is apparent that the City ordinance in its lighting, size and spacing requirements is not consistent with customary use as defined in § 226.540(3)(a)a.

The City urges this court to follow *Dingeman Advertising, Inc. v. Village of Mt. Zion*, 157 Ill.App.3d 461, 109 Ill.Dec. 671, 510 N.E.2d 539 (1987), in which the Illinois court held that similar sections in the Illinois code to § 226.527.4 and § 226.540(1)(2)(3) in the Missouri statute were inconsistent and held that a city could depart from the spacing requirement of signs set out in the statute. In view of the holding in *Stephenson's* and *National Advertising*, and the holding set out above that § 226.527.4 applies only to signs beyond 660 feet of the highway, this court does not find *Dingeman* to be persuasive.

■ The City also contends § 226.527.4 is a meaningless act if a city can only parrot the State statute and cannot enact an ordinance which the city finds is reasonable. As held above, the City may enact reasonable regulations for signs beyond 660 feet of the highway outside urban areas. But for signs within 660 feet of the highway in areas zoned industrial or commercial, the City is restricted to regulations consistent with the regulations the legislature has found to be consistent with customary use. *Stephenson's*, supra. The City is not required to adopt regulations as to the lighting, size and spacing of signs, but if it does, it must conform to the regulations set out in § 226.540.

■ The ordinance regulations for size, lighting and spacing of signs are inconsistent with § 226.540 and are therefore void. The judgment in a court tried case may be reversed if the court erroneously declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The court erroneously declared the law when it declared the City could enact reasonable regulations un-

der § 226.527.4 as to signs within 660 feet of the highway. The judgment declaring the ordinance valid is reversed and this cause is remanded with directions to enter judgment finding the ordinance regulations as to size, lighting and spacing of signs to be void because in conflict with customary use as defined in § 226.540.

The City ordinance contained requirements that signs be set back 90 feet from the right-of-way and from property lines and roofed structures, set back 1000 feet from land zoned for residential or public activity purposes, set back 1000 feet from interchanges and contained provisions concerning curb cuts and site access.

Section 226.540.7 provides:

In zoned commercial and industrial areas, whenever a state, county or municipal zoning authority has adopted laws or ordinances which include regulations with respect to the size, lighting and spacing of signs, which regulations are consistent with the intent of sections 226.500 to 226.600 and with customary use, then from and after the effective date of such regulations, and so long as they shall continue in effect, the provisions of this section shall not apply to the erection of signs in such areas.

The court validated the ordinance without applying the three part test required by § 226.540.7 to the regulations in addition to those affecting size, lighting and spacing. The first part of the test requires an ordinance to include regulations with respect to size, lighting and spacing of signs which has been dealt with above. The second test is that the ordinance regulations be consistent with the intent of the act. The legislature has affirmed the use of outdoor advertising in this state. 862 S.W.2d at 956. Thus, regulations must be consistent with the intent of the act to allow regulated outdoor advertising. The third requirement is that the regulations be consistent with customary use.

It is the duty of this court to finally dispose of this case unless justice otherwise requires. "That duty, however, presupposes a record and evidence upon which this court can perform that function with some degree of confidence in the reasonableness, fairness and accuracy of its conclusion. When such record and evidence are not presented, 'reversal and remand necessarily follow'." *Taylor v. Coe,* 675 S.W.2d 148, 150[4] (Mo.App. 1984) (citation omitted).

Here the parties focused on the size, lighting and space regulations in the ordinance. The briefs do not present the issue of whether or not the other regulations are valid under the three part test in § 226.540.7. Further, the court applied the wrong section in determining the validity of the ordinance and its findings do not apply the three part test to the other regulations. Therefore, this court does not have confidence that it could reach a conclusion as to the validity of the other provisions reasonably, fairly and with any degree of accuracy on this record. For that reason this cause will be remanded to give the parties the opportunity to present evidence and for the court to determine the validity of the other provisions under the three part test of § 226.540.7.

Reversed and remanded.

CRANDALL, P.J., and HOFF, J., concur.