STATE of Missouri, ex rel. DRURY DISPLAYS, INC., Respondent,

v.

CITY OF SHREWSBURY, a Municipal Corporation, Appellant.

No. 73837.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 6, 1998.

Application for Transfer Denied March 23, 1999.

Jerry J. Murphy, Daniel G. Tobben, St. Louis, for appellant.

Kevin L. King, Robert J. Koster, St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The City of Shrewsbury (City) appeals from a judgment and order granting summary judgment in favor of Drury Displays, Inc. (Drury). The City contends: (1) the trial court erred in applying the case of *Outcom v. City of Lake St. Louis*, 960 S.W.2d 1 (Mo.App. E.D.1996); (2) the trial court erred in failing to follow Section 71.288, RSMo 1997 Cum.Supp., because Drury had no vested right and did not qualify as an existing nonconforming use; and (3) the trial court erred ordering the City to grant Drury a billboard permit without the required special use permit hearing to determine issues other than spacing. We reverse and remand.

Drury is engaged in the outdoor advertising business. On June 16, 1994, Drury filed an application with the City seeking a special use permit for the erection of a billboard on property zoned for industrial use. The billboard would be located at a point within 660 feet of the right-of-way for Interstate Highway 44 and approximately 535 feet from the nearest billboard. Drury had previously obtained a permit for the proposed billboard from the State Highway and Transportation Commission, attesting conformity to the re-

quirements of the Missouri Billboards Act, Sections 226.500–226.600, RSMo 1994.[1]

The initial application to the City was rejected by the Planning and Zoning Commission because of various problems under the city's zoning ordinance. An amended application was submitted which was not approved by the Planning and Zoning Commission. Drury then requested a position on the agenda of the Board of Aldermen meeting to consider its application. The City then imposed a moratorium on further billboard advertising pending review of its legislative policy regarding billboards. Drury responded with an action in mandamus to compel the Board of Alderman to convene a legislative hearing, coupled with a petition for declaratory judgment to the effect that the Missouri Billboard Act preempted any more restrictive provisions of the city zoning ordinance.

On March 14, 1995, the City amended its zoning ordinance to reduce the required spacing between billboards on the same side of the highway from 2500 to 1500 feet. The City then denied Drury's application for a special use permit, stating only that the proposed location was less than 1500 feet from the nearest billboard. The amendment did not affect Drury's rights adversely because the proposed location violated both the old and new standards, assuming for the moment their validity and applicability.

Following the denial, Drury filed a second amended petition eliminating the claim for mandamus and asking for a declaration that the distance limitation in the ordinance could not be validly applied because of conflict with the 500 feet statutory standard set out in Section 226.540. Drury's proposal complied with that standard.

The case of *Outcom Inc. v. The City of Lake St. Louis* was pending at the time the amended petition was filed. *Outcom* presented the question of the authority of a municipality to impose spacing limits for certain billboards visible from interstate highways in excess of the 500–foot limit of Section 226.540. The parties here agreed to await the decision in *Outcom* before proceeding further.

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

In *Outcom*, this court held that the statute was preemptory and that ordinance provisions which prohibited billboard construction which the Missouri Billboard Act permitted were invalid, citing *Stephenson's Restaurants v. Missouri State Highway and Transportation Commission*, 666 S.W.2d 437 (Mo.App. W.D.1984), and *National Advertising v. Missouri State Highway and Transportation Commission*, 862 S.W.2d 953 (Mo.App. E.D. 1993). *Outcom*, 960 S.W.2d at 3–4. The *Outcom* opinion contained a thorough analysis of the interplay of federal and state statutes with local ordinances. Finality of the decision was postponed, however, because the Supreme Court of Missouri granted an application to transfer and the case was argued there.

While the *Outcom* appeal was pending before the Supreme Court, the legislature enacted Section 71.288, RSMo 1997 Supp. (House Bill 831), providing in pertinent part as follows:

1. Any city that maintains the city engineer or other similar city official on the planning commission shall have the authority to place any restrictions upon the height, spacing and lighting of outdoor advertising structures placed within the view of any highway in the city. Such ordinance may be more restrictive than sections 226.500 to 226.600, RSMo.

Following the passage of this statutory provision, the Supreme Court retransferred the *Outcom* case to this court without opinion and without directions of any kind. This court immediately issued its mandate and put the opinion in line for publication. There was no request for reargument or reconsideration in the light of the new statute, and neither party apparently sought additional proceedings here. *Outcom* was remanded to the circuit court "to give the parties the opportunity to present evidence and for the court to determine the validity of any other provisions under the three part test of Section 226.540.7." *Outcom*, 960 S.W.2d at 5. We are not informed as to the ultimate disposition of *Outcom*, and inasmuch as the contending parties here are not the parties to that case, the disposition is not significant.

Both parties to the case at hand then moved for summary judgment. Drury, the plaintiff, argued that it was entitled to the permit it sought at the time of the hearing before the Board of Aldermen. Drury argued that the board, by specifying only the alleged spacing violation, was precluded from later reliance on other reasons for denial of the permit, and that any attempt to apply the newly enacted Section 71.288 to its application would violate Article I, Section 13 of the Missouri Constitution, which provides that "no ex post facto law, nor law impairing the obligation of contracts or retrospective in operation ... can be enacted." The City contended that the express purpose of Section 71.288 was to revest in municipalities the authority to regulate any future construction of billboards. The City claimed Drury's state permit conferred no vested right and that only the showing of a nonconforming use would excuse compliance with a valid zoning ordinance. The trial judge entered judgment for Drury, considering *Outcom* to be controlling authority. We disagree.

When considering appeals from summary judgments, we will review the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* Therefore, the judgment of the trial court will be affirmed if the record demonstrates a "right to judgment flowing from facts about which there is no genuine dispute." *Id.* at 378.

■ The ordinance in question is a zoning regulation. The law of zoning has been developed in many cases over the years. A new or modified ordinance may not be applied in such a way as to require the removal or cessation of an established "nonconforming use." *See In re Coleman Highlands, et al.*, 777 S.W.2d 621, 624 (Mo.App. W.D.1989). It is said that the application to an existing use would deprive the landowner of property without due process of law and would constitute a taking of private property without just compensation. *Id.*

■ The test for establishing nonconforming use is rather strict. Neither the granting of a permit, *State ex rel National Advertising Company v. State Highway Commission*, 624 S.W.2d 453 (Mo.App. W.D.1981); *Veal v. Leimkuehler*, 249 S.W.2d 491 (Mo.App.1952), nor the purchase or lease of land in reliance on existing zoning laws, *State ex rel National Advertising Company v. State Highway and Transportation Commission*, 703 S.W.2d 514 (Mo.App. W.D.1986); *McDowell v. Lafayette County Commission*, 802 S.W.2d 162 (Mo. App. W.D.1990); *Ogawa v. City of Des Peres*, 745 S.W.2d 238 (Mo.App. E.D.1988), will suffice to establish a nonconforming use such as would insulate land from the exercise of the zoning authority. The City bases much of its argument on cases such as these, and asserts that Drury has not established a nonconforming use within the compass of these authorities.

■ Drury does not expressly question the teachings of these cases, nor does it assert that it has established a nonconforming use. Drury argues, rather, that had the law as exemplified by *Outcom* been followed, it should have been issued a special use permit in accordance with its 1994 application. Drury asserts that its unfulfilled entitlement to a city permit was the source of a vested right, at least as of the time of the 1995 hearing, and that the Section 71.288, if applied to prevent it from erecting the sign, would be a law "retrospective in operation," in violation of Article I, Section 13 of the Missouri Constitution. It relies on cases equating "vested rights" with "substantive rights." These cases involve factual situations which are very different from those now before us and the cases provide only generalities which are not of great assistance in solving the problem before us.

Drury seeks to deprive the City of a portion of its police power, which is the foundation for the zoning authority. Our constitutional history has seen a continuing tension between the police power and owners' freedom to use their property as they choose. In zoning cases, courts have drawn a line at the point at which a conforming use can be established. Drury is arguing, essentially, that the City should be estopped from exercising the full range of its authority because of delay in processing the application for a special use permit. The equitable principles governing municipal corporations are not necessarily the same as those which might be applied between private litigants. The interest of the public must be considered, and the citizens of Shrewsbury, through their elected representatives, have taken the position that the construction of the proposed billboard is not in its best interest. The governing authority should not be restricted simply because the authorities may not have acted as quickly as they might have. Drury's argument is supported only by the scantiest authority. The nonconforming use analysis, established over many years, provides a more satisfactory basis for deciding the case. Zoning ordinances and decisions are often disappointing to landowners and lessees, but disappointment inheres in land use regulation.

In the view we take of the case, it is not necessary to decide whether the City, having cited only the spacing requirements of the zoning ordinance as justification for denying Drury's application, would be limited to that ground alone in further proceedings. Section 226.540 no longer stands as a bar to a spacing regulation in excess of 500 feet.

The judgment is reversed and the case is remanded with directions to enter a declaratory judgment consistent with this opinion and for such other consistent proceedings as may be necessary.

ROBERT G. DOWD, Jr., C.J., and KAROHL, J., concur.