**STORAGE MASTERS–CHESTERFIELD, L.L.C., a Missouri Limited Liability Company, JOHN BURROWS, Member, Appellant,**

v.

**CITY OF CHESTERFIELD, State of Missouri, Respondent.**

**No. ED 77465.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 26, 2000.

Joel D. Brett, Barry L. Haith, St. Charles, for appellant.

Priscilla F. Gunn, St. Louis, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Storage Masters Chesterfield, L.L.C. ("Landowner"), owner of land in a planned industrial district, appeals from a summary judgment entered in favor of the City of Chesterfield ("City") in Landowner's declaratory judgment action. The trial court denied Landowner's request that it invalidate a portion of City's zoning ordinance which prohibits the illumination of Landowner's advertising sign. We affirm.

Landowner's property is located in an M–3 Planned Industrial District. It maintains an outdoor advertising sign on its premises within 660 feet of the right of way of U.S. Highway 40/Interstate 64 and visible from the highway. Since 1988, City's zoning ordinances relating to this planned industrial district have prohibited illumination of the advertising sign. City's last amendment to the ordinance for this district was Ordinance 956, adopted in Oc-

tober, 1994, which again prohibited illumination of the sign.

In May of 1996, Landowner filed a petition for change of zoning asking City to amend Ordinance 956 and allow Landowner to illuminate its advertising sign. After a public hearing to consider Landowner's petition, the Planning Commission recommended that Landowner's proposed amendment be rejected. On July 15, 1996, the City Council adopted the Commission's recommendation and denied Landowner's request to illuminate the sign.

Landowner did not challenge this ruling until April 29, 1999, approximately three years after the petition was denied, when Landowner filed this declaratory judgment action against City. Landowner sought a declaration that the prohibition of illumination of the sign in Ordinance 956 was void and had been void when Landowner filed the petition for change of zoning three years earlier. Landowner claimed Ordinance 956 was inconsistent with the Missouri Highway Beautification Act ("Billboards Act"), Section 226.540 RSMo 1994, which permits illumination of signs as a nonconforming use. Landowner further argued that Ordinance 956 was inconsistent with, and was preempted by, Ordinance 1112 [1], enacted in November 1995, which permits illumination of outdoor signs in certain circumstances.

City filed a motion for summary judgment which asserted that Ordinance 956 specifically prohibited illumination of the sign, and therefore prevailed over the more general authorization of lighting contained in Ordinance 1112. City also argued that its 1996 denial of Landowner's request for illumination was authorized under section 71.288(1) RSMo [2]. This section

---

[1]. Ordinance 1112 provides, in part, "Lighting. External Lighting, such as floodlights, thin line and gooseneck reflectors may be permitted in the conditions of the Ordinance governing a particular planned or mixed use district, provided the light source is directed upon the face of the sign and is effectively shielded so as to prevent beams or rays of light from being directed into any portion of the public right of way."

[2]. Section 71.288 RSMo (Supp.1998) provides: "Any city or county shall have the authority to adopt regulations with respect to outdoor advertising that are more restrictive than the

was enacted by the Missouri legislature in 1997, after the Landowner filed its 1996 petition for change of zoning with the City, but before the Landowner filed its 1999 declaratory judgment action. Section 71.288 grants authority to qualifying cities to place restrictions upon the lighting of outdoor advertising signs that are within the view of any highway in the city. On February 1, 2000, the trial court entered judgment in favor of City, and Landowner filed this appeal.

■ Our standard of review when considering the trial court's grant of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the evidence in the light most favorable to the party against whom judgment was entered and we accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

■ Initially, we must address whether the Landowner's claim is time barred. City argues on appeal that City's denial of Landowner's 1996 petition is time barred claiming City's decision was an administrative one, and thus, the Landowner had only thirty days to seek judicial review pursuant to section 536.110 RSMo 1994. Landowner contends that the petition for declaratory judgment challenged the zoning order, which was a legislative action, not an administrative action, and therefore not subject to the time limitations of section 536.110. We need not decide whether the City's action was legislative or administrative, because City's claim that the action is time barred is not preserved for appeal. In its answer in the declaratory judgment action, City pled laches, but did not plead that the action was barred by the time limitations of section 536.110. The statute of limitations is an affirmative defense and it must be raised in the responsive pleadings. Rule 55.08. If the statute of limitations is not pled, it is

height, size, lighting and spacing provisions of

waived. *McNulty v. Heitman*, 600 S.W.2d 168, 173 (Mo.App.1980). Moreover, not only must it be raised, but "Missouri courts also require the party asserting the statute of limitations to plead the specific statutory sections relied upon." *Heintz v. Swimmer*, 922 S.W.2d 772, 774 (Mo.App. 1996). Therefore, since the City failed to plead the statute of limitations, the City waived the defense.

■ Landowner's sole point on appeal asserts that the trial court erred in granting City's motion for summary judgment in that the court retroactively applied section 71.288 as the basis for upholding City's ordinance prohibiting illumination of the sign. Specifically, Landowner argues that there is no suggestion of legislative intent that section 71.288 be applied retroactively, and that the statute is substantive, not procedural, and therefore should only be applied prospectively. Landowner further contends that retroactive application of section 71.288 violates Article I, Section 13 of the Missouri constitution, which prohibits ex post facto laws. City asserts that it is permitted to apply section 71.288 because Landowner did not show an existing nonconforming use or a vested right to light the sign.

■ On this issue, *Outcom, Inc. v. City of Lake St. Louis*, 996 S.W.2d 571 (Mo.App.1999) and *State ex rel. Drury Displays, Inc. v. City of Shrewsbury*, 985 S.W.2d 797 (Mo.App.1998) are dispositive. "A non-conforming use is a use of land which lawfully existed prior to the enactment of a zoning ordinance and is a vested property right." *In re Coleman Highlands*, 777 S.W.2d 621, 624 (Mo.App.1989). A new or modified ordinance may not be applied as to require the cessation of an established prior nonconforming use. *Drury*, 985 S.W.2d at 799. The burden of proving the existence of a prior nonconforming use is upon the party claiming the vested property right and the denial of such a use will be sustained where the

sections 226.500 to 226.600, RSMo."

evidence of a prior nonconforming use is insufficient. *Coleman,* 777 S.W.2d at 624. The theory behind the nonconforming use doctrine is that applying new zoning restrictions to established uses of land would constitute a taking of private property without just compensation or due process. *Outcom,* 996 S.W.2d at 575.

∎ The test for establishing a prior nonconforming use is strict. *Drury,* 985 S.W.2d at 800. "In determining whether an existing use of property may be protected as a lawful non-conforming use, the determinative factor is the actual rather than the contemplated use of the property." *Coleman,* 777 S.W.2d at 624. The "landowner's mere intention or plan to use land for a particular purpose...does not give rise to a vested right." *Outcom,* 996 S.W.2d at 575.

∎ In the instant case, Landowner failed to establish a prior nonconforming use. The sign on Landowner's property was never illuminated. Landowner had the intention of illuminating the sign, but mere intention does not give rise to a vested property right. *Outcom,* 996 S.W.2d at 575. To establish a nonconforming use, one must have at least made a substantial step, and a "mere preliminary work which is not of a substantial nature does not constitute a nonconforming use." *State ex rel. Great Lakes Pipe Line Co. v. Hendrickson,* 393 S.W.2d 481, 484 (Mo. 1965). There are no summary judgment facts in the record showing that Landowner took any substantial steps to illuminate the sign.

Landowner claims Ordinance 956 was void at the time Landowner first filed a petition to amend Ordinance 956 to allow illumination of the sign. However, Landowner never legally challenged the ordinance. It is therefore "presumed valid and lawful." *Outcom,* 996 S.W.2d at 575. Landowner's petition for a change of zoning, which was denied by the City Council, did not constitute a challenge to Ordinance 956. Landowner did not allege in its peti-

tion that Ordinance 956 was invalid and void. The petition only requested: "Illumination of advertising sign – amendment to Ordinance # 956. Three lights per side – specs attached in compliance with zoning ordinance."

Moreover, Landowner did not challenge the ordinance immediately after the denial of its petition, but waited three years to appeal and challenge the validity of Ordinance 956. In the interim, the state legislature enacted section 71.288, which allowed City to regulate and restrict the lighting on Landowner's sign.

Landowner's claim that application of section 71.288 violates Article I, Section 13 of the Missouri constitution, which prohibits ex post facto laws, is also without merit. A similar argument was addressed by this court in *Drury,* where the landowner argued that its unfulfilled entitlement to a city permit was the source of a vested right in 1995, and that the 1997 enactment of section 71.288, if applied to prevent erecting a sign, would be "retrospective" and violate Article I, Section 13 of the Missouri Constitution. *Drury,* 985 S.W.2d at 800. This court rejected the landowner's claims in favor of a nonconforming use analysis. *Id.* Nor are we persuaded by landowner's assertion that *Drury* is distinguishable because it involved a special use permit, whereas this case involves a zoning change concerning the permitted uses within a planned industrial district. We find the nonconforming use analysis to be equally appropriate in this case.

∎ "Whether or not a landowner has a vested right to a nonconforming use when the nonconforming use does not predate the zoning ordinance is determined on a case-by-case basis." *Outcom,* 996 S.W.2d at 575. Landowner's attempt to amend Ordinance 956 did not create a vested right. City, through section 71.288, has the authority to restrict the illumination of the sign. Point denied.

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL Jr., J., concurs.

JAMES R. DOWD, J., concurs.