STATE ex rel., CLAUDIA LEE & ASSOCIATES, INC.,
Appellant,

v.

BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, MO., et al.,
Respondents.

No. WD 70342.

Missouri Court of Appeals,
Western District.

Oct. 27, 2009.

Allen T. Zugelter, Kansas City, MO, for appellant.

M. Margaret Sheahan Moran, Kansas City, MO, for respondent.

Before ALOK AHUJA, P.J., JAMES M. SMART, JR., and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Claudia Lee & Associates appeals a ruling by the Kansas City Board of Zoning Adjustment, which prevents the company

from obtaining a billboard permit. The appeal is dismissed as moot.[1]

## Background

Claudia Lee & Associates, Inc., ("Lee") is an outdoor advertising company. This case arises from Lee's desire to construct an outdoor advertising sign (or billboard)[2] on property along the north side of Interstate–70 at 3901 Blue Ridge Cutoff. In July 2005, after first obtaining the required permit from the State of Missouri, Lee sought approval from the City of Kansas City for the billboard. As a first step toward gaining the City's approval, Lee requested a pre-permit inspection of the proposed location.

An inspector with the City's Department of Codes Administration determined that the proposed billboard location would be less than 200 feet from an existing outdoor advertising sign, violating section 80–220(e)(3)a of the City Code, which required spacing of 800 feet between such signs.[3] The City Code defines an outdoor advertising sign as "an *off-premises* sign which directs attention to a business . . . conducted . . . off the premises where such sign is located." City Code section 80–20 (emphasis added). By contrast, an "*on-premises*" business advertising sign is one that advertises something sold on the premises where the sign is located. Id. The existing sign advertised the Clarion Hotel. The City inspector considered the Clarion sign

to be an off-premises outdoor advertising sign because it was not located on the same parcel of land as the hotel it advertises. It sits on a lot adjacent to the Clarion Hotel lot. An unrelated office building sits in between the sign and the hotel.

The Director of the City Planning and Development Department agreed with the inspector's assessment. The Director issued a "zoning determination" stating that Lee's proposed billboard would be "150 feet from an existing outdoor advertising sign [the Clarion Hotel sign]." The Director concluded that because 800 feet is the minimum spacing, "a variance of 650 feet is required." As a result, Lee could not obtain a permit from the City to install its billboard without being granted a variance.

Lee appealed to the City's Board of Zoning Adjustment ("the Board"). Lee's position was that the existing sign is not an outdoor advertising sign but is, instead, an "on-premises" sign for the Clarion Hotel property and, thus, does not preclude granting a permit for the proposed billboard. Lee based its argument on the fact that Clarion Hotel installed the sign when it owned both tracts of property as one tract. The Clarion owners then sold the tract of land where the existing sign is located but kept the sign on it and retained an easement for access to and from the sign. Lee argued that because the City

1. This opinion, which conflicts in certain respects with the decision in *Eubanks v. Board of Adjustment*, 768 S.W.2d 624 (Mo.App. E.D. 1989), has been reviewed and approved by the court en banc.

2. The terms "outdoor advertising sign" and "billboard" are used interchangeably in this opinion.

3. References to the City Code or Ordinances are to the KANSAS CITY, MO, CODE OF ORDINANCES (1994) unless otherwise noted. At the time of

the inspection, section 80–220(e)(3)a of Code provided:

No outdoor advertising sign structure hereafter erected shall be less than 200 feet from any other existing outdoor advertising sign structure on the same side of the street; provided, however, as to limited-access trafficways and interstate highways, the minimum distance between outdoor advertising sign structures on the same side of the street shall not be less than 800 feet.

does not define the word "premises" in its zoning code, and because the State of Missouri had granted it a permit to install the billboard in that location, the State's definition of "premises" should govern. Under the State's definition, said Lee, the Clarion sign would be an on-premises sign and not an outdoor advertising sign, even though it is located on a lot adjoining the hotel's lot, according to Lee. Consequently, the proposed billboard would not violate the cited zoning regulation.

On February 14, 2006, following Lee's presentation of evidence and argument, and after meeting in closed session, the Board denied Lee's appeal. The Board upheld the Director's determination that the existing sign is an off-premises outdoor advertising sign, and thus, Lee's proposed billboard would violate the spacing requirements of the applicable zoning ordinance. Lee sought judicial review in Jackson County Circuit Court. The case was submitted on briefs and on the Board's record. On October 8, 2008, the court entered its judgment affirming the Board's decision.

Lee appeals.

## Standard of Review

When reviewing a Board decision on the merits, this court independently reviews the decision of the Board and not the judgment of the trial court. *State ex. rel. Teefey v. Bd. of Zoning Adjustment of Kansas City*, 24 S.W.3d 681, 684 (Mo. banc 2000). Review is limited to determining "whether the Board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlaw-ful, or in excess of its jurisdiction." *Id.* We review questions of law de novo. *Id.*

## Arguments

Lee's three points on appeal address essentially the same issue: the meaning of the word "premises" as used in section 80–20 of the City Code, which defines an "outdoor advertising sign" as an *"off-premises* sign."

## Mootness

In September 2007 (after the Board hearing but before the circuit court's decision), the City enacted a new ordinance that now precludes the installation of any billboard on the proposed site due to its pre-existing zoning classification. The new ordinance now permits outdoor advertising signs only on property that is zoned M–1, M–2, or M–3, all of which are industrial classifications. Kansas City, Mo., Ordinance No. 070887 (Sept. 6, 2007), set forth in City Code section 80–35(b)(1)g. The billboard site is zoned C–2 (local retail business district).[4]

The parties agree that the new ordinance (if applicable) would preclude Lee from installing a billboard on the site in question due to its pre-existing zoning classification. The parties disagree as to the applicability of the change in the City's ordinance as to the question of mootness.

Lee argues that the issue cannot be mooted by the passage, after the Board's decision, of a new zoning ordinance. Lee says *Eubanks v. Board of Adjustment*, 768 S.W.2d 624, 626–27 (Mo.App.1989), stands for the proposition that an appellate court's jurisdiction is limited to considering only the evidence that was before the Board. Lee says *Eubanks* supports its

---

4. Ironically, while this case has been on appeal, the Clarion Hotel sign which was creating the difficulty for Lee has been removed. Thus, if it were not for the zoning change, this case would be moot in a different way in that Lee would be entitled to install its billboard. The zoning change, however, obviously trumps the removal of the Clarion sign.

contention that the new zoning ordinance does not render this appeal moot.

In *Eubanks*, a service station owner sought to expand his station so as to include a food mart as well as a service station. *Id.* at 625. There was confusion about the categorization of the owner's existing use within the B–2 zoning and, therefore, also about the applicable procedure for obtaining permission for the expansion. The city's building commissioner interpreted the existing use as "legal nonconforming use" and therefore determined that (because of the proposed structural change) the service station operator would need to apply for a "special use permit." *Id.* at 626. After a hearing, the Board upheld the opinion of the building commissioner.

The owner then sought judicial review in the circuit court. The circuit court reversed the Board's decision, ruling that the prior usage was a "conforming use," rather than a "legal non-conforming use." The court ordered that a permit be issued.

Shortly after the trial court ruling, the city council enacted a new ordinance that prohibited gasoline/convenience stores in B–2 zoning. The Board brought the matter to the circuit court's attention before the court's ruling was final, but the circuit court declined to make any modification to its ruling. The Board appealed, contending that the new ordinance mooted the issue the court had decided. *Id.* at 627.

The Eastern District of this Court took the position that the appeal was not mooted by the change in the zoning ordinance.

The court stated that the change was not a proper consideration either in the trial court or on appeal because it was outside the record. *Id.* at 630. The court thus proceeded to the merits, upholding the Board decision denying the permit.

We disagree with the mootness analysis in *Eubanks*. None of the cases cited in *Eubanks* deal with the issue of whether an appellate court is permitted, in considering mootness, to take into account subsequently arising facts, the existence of which is established outside the record. Indeed, we regard it as well established that an appellate court may consider established facts that come to light outside the record-on-review for purposes of determining mootness.[5] *See, e.g., Precision Inv., L.L.C. v. Cornerstone Propane, L.P.,* 220 S.W.3d 301, 304 (Mo. banc 2007); *State ex rel. Monsanto Co. v. Pub. Serv. Comm'n,* 716 S.W.2d 791, 793 (Mo. banc 1986); *Reynolds v. City of Valley Park,* 254 S.W.3d 264, 266 (Mo.App.2008); *Adams v. City of Manchester,* 242 S.W.3d 418, 428 (Mo.App.2007). *Eubanks* is contrary to established authority and its mootness analysis should not be followed.

 A threshold question in any appellate review is mootness. *Reynolds,* 254 S.W.3d at 266. "[M]ootness implicates the justiciability of a case." *Adams,* 242 S.W.3d at 428. "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed."[6] *State ex rel. AG Processing, Inc. v. Pub. Serv.*

**5.** An appellate court does not take judicial notice of changes in city ordinances. Proof of such change is necessary. *Drury Displays v. Bd. of Adjustment,* 832 S.W.2d 330, 331 (Mo. App.1992). Here, the parties agree concerning the change in the City's ordinance.

**6.** There are two narrow exceptions to the mootness doctrine under which an appellate

court may consider the merits of an appeal: (1) where the case becomes moot after submission and argument, and (2) where the issue raised is one of general public interest and importance, recurring in nature, that will otherwise evade appellate review. *Reynolds,* 254 S.W.3d at 266. Neither of those situations is present here.

*Comm'n,* 276 S.W.3d 303, 306 (Mo.App. 2008). A case on appeal becomes moot when a change of circumstances so alters the situation that the controversy ceases to exist and a decision can no longer grant relief. *Monsanto,* 716 S.W.2d at 793. "Even a case vital at inception of the appeal may be mooted by an intervening event which so alters the position of the parties that any judgment rendered [becomes] a hypothetical opinion." *Adams,* 242 S.W.3d at 428 (one of the appellant's claims rendered moot by the passage of a new ordinance while the appeal was pending).

The City argues that the change in the ordinance renders this case moot because even if Lee were to re-apply for a permit, it could not be granted under the new ordinance. The City says Lee would have a right to a permit only if Lee had acquired a "vested right" to it under the old ordinance. Citing *Outcom, Inc. v. City of Lake St. Louis,* 996 S.W.2d 571, 575 (Mo. App.1999), and *State ex rel. Oliver Cadillac Co. v. Christopher,* 317 Mo. 1179, 298 S.W. 720 (1927), the City points out that the mere filing of a permit application does not give a landowner such a "vested right"; rather, the owner is subject to newly enacted zoning provisions unless he has established "actual use" under the old ordinance.

Lee attempts to distinguish those cases on their facts. He notes that the applicant in *Oliver* was challenging the validity of an ordinance adopted shortly after the permit application was submitted. 298 S.W. at 721. And in *Outcom,* Lee says, the relevant ordinance was amended during the pendency of the permit application, and the applicant was not entitled to a permit under either version of the ordinance. 996

S.W.2d at 572–73. We find these distinctions immaterial to our decision here. The point in both cases that is determinative here is that the new ordinance applied because *the mere filing of the application gave* the applicant *no vested right* under the old ordinance. *See Oliver,* 298 S.W. at 726; *Outcom,* 996 S.W.2d at 575.

██ In addition to the City's cases, we note that numerous other cases seem to confirm that the current zoning ordinance would apply here. *See, e.g., Storage Masters–Chesterfield, L.L.C. v. City of Chesterfield,* 27 S.W.3d 862, 865–66 (Mo. App.2000); *State ex rel. Drury Displays, Inc. v. City of Shrewsbury,* 985 S.W.2d 797 (Mo.App.1998); *McDowell v. Lafayette County Comm'n,* 802 S.W.2d 162, 164 (Mo. App.1990); and *Ford Leasing Dev. Co. v. City of Ellisville,* 718 S.W.2d 228, 232 (Mo. App.1986). Those cases indicate that a landowner does not develop a "vested right" in a "nonconforming use" that was compliant with prior zoning laws unless he has actually established use in reliance on the prior law. "A non-conforming use is a use of land which lawfully existed prior to the enactment of a zoning ordinance and is a vested property right." *Storage Masters,* 27 S.W.3d at 865.[7] The test for establishing a nonconforming use is strict. *Drury,* 985 S.W.2d at 800. The mere intention or plan to use land for a particular purpose does not give a vested right; the applicant must have taken "substantial steps" toward that use. *Outcom,* 996 S.W.2d at 575. Even the *issuance* of a permit does not confer vested rights on a landowner where the landowner has not taken sufficient steps to establish a use prior to new zoning regulations that would restrict that use. *See Oliver,* 298 S.W. at 726; *Outcom,* 996 S.W.2d at 575; *Drury,*

---

7. This is based on the theory that "applying new zoning restrictions to established uses of land would constitute a taking of private property without just compensation or due process." *Storage Masters,* 27 S.W.3d at 866.

985 S.W.2d at 800; *Ford Leasing*, 718 S.W.2d at 232.

 Here, Lee had obtained a permit from the State and had applied for a permit from the City. Lee had been denied the permit by the Board and had not commenced any construction of its proposed sign. As the foregoing cases demonstrate, this is not sufficient to establish a vested right. The fact that the ordinance was not changed until after the Board issued its decision does not change this fact.

Lee also says the new ordinance does not render this case moot because there is still a live controversy, *i.e.*, whether Lee was entitled to install the billboard at the time of its application for a permit, or, as Lee puts it, whether the City "violated its right" to install the billboard. Making what is essentially an equitable or a civil rights type of argument, Lee says that this appeal is its only means of contesting the violation of this right and obtaining the permit which was wrongly and "unlawfully" denied by the City. Lee supports this argument by only scant authority, however. *See Drury*, 985 S.W.2d at 800. The City's arguments and authorities are persuasive. In any event, while the equities might appear to lie with Lee, "the equitable principles governing municipal corporations are not necessarily the same as those that apply between private litigants." *See id.*

### Conclusion

Lee has not established that it acquired a vested right to the billboard permit under the prior ordinance. Thus, the new ordinance applies, and it precludes the granting of a permit for the proposed billboard. Any ruling we would make regard-

ing the propriety of the Board's decision would have no practical effect on any existing controversy. *See Reynolds*, 254 S.W.3d at 266. Consequently, we dismiss the appeal on the basis of mootness.[8]

All concur.

---

**8.** This ruling makes it unnecessary to discuss the City's argument that any decision in this case would affect only the zoning determination and Lee still would be required to reapply for the sign permit, which would be denied under the new ordinance.