**STATE of Missouri, ex rel., Mc-DONALD'S CORPORATION,**
**Plaintiff–Appellant,**

v.

**Ray DALY, Martin P. Walsh, Jr., and Norbert A. Groppe,**
**Defendants-Respondents,**

and

**Great Western Development Co.,**
**Intervenor–Respondents.**

No. 53247.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 1, 1988.
Rehearing Denied April 15, 1988.

John Henry Quinn, St. Louis, for appellant.

Edward James Hanlon, Associate City Counselor, St. Louis, Elizabeth D. Odell, Clayton, for defendants-respondents.

KELLY, Judge.

McDonald's Corporation ("McDonald's") appeals from the judgment of the trial court denying McDonald's petition for a permanent writ of mandamus. The three respondents are Ray Daly, the acting building commissioner for the City of St. Louis, Martin P. Walsh, Jr., the acting director of public safety for the City of St. Louis, and Norbert A. Groppe, the president of the board of public service for the City of St. Louis. McDonald's sought to compel respondents to issue a building permit to McDonald's for its proposed restaurant on a parcel of land at 1553 South Jefferson Avenue in the City of St. Louis. McDonald's claims the denial of the writ by the trial court was erroneous because the evidence showed McDonald's was entitled to the permit and mandamus was the proper remedy to compel issuance of the building permit. We affirm the judgment of the trial court.

The tract of land where McDonald's proposed to build its restaurant is located within the Lafayette Towne Redevelopment Area. The redevelopment area was established in 1985 by Ordinance 59515 of the City of St. Louis under the authority of Chapter 353 of the Revised Statutes of Missouri of 1978 (now 1986) granting tax abatement for redevelopment areas under certain conditions.

Before the ordinance was passed, Lafayette Towne Redevelopment Corporation had submitted its Amended and Restated Redevelopment Plan ("plan") of May 1, 1985, to the City. The plan governed building and development in the Lafayette Towne Redevelopment Area. Under the plan, existing owners in the development area were "encouraged to develop or rehabilitate their own properties in accordance with the 1985 Plan." Owners who followed the development procedure outlined in the plan received financial incentives related to their property development, such as tax abatement. Ordinance 59515, finally approved on July 23, 1985, contained an "Amended and Restated Agreement Between the City of St. Louis and the Lafayette Towne Redevelopment Corporation". The agreement substantially mirrored and incorporated the redevelopment plan of May 1985.

On December 9, 1986, McDonald's filed an application with the building commissioner of the City of St. Louis for a building permit for construction of its proposed restaurant at 1553 South Jefferson Avenue in the redevelopment area. The building commissioner's staff, working under the direction of respondent Daly who had succeeded respondent Walsh as acting building commissioner made the initial determination whether a building permit could be issued. Because the site for the proposed McDonald's was within a designated redevelopment area, Daly submitted the building plans to respondent Norbert Groppe, president of the board of public service.

Mr. Groppe, under the authority of Section 11.06.340 of the Revised Code of the City of St. Louis (1980), routinely reviewed all building permit applications for sites within a Chapter 353 redevelopment area. Section 11.06.340 of the Revised Code of the City of St. Louis (1980) captioned "Building Permits" states as follows:

In the event an ordinance approves a development plan for an area, then the building commissioner shall not issue a

building permit for construction in the area unless the building plans are found by the president of the board of public service to be *in substantial compliance* with the approved development plan as amended, modified or changed by ordinance, if so, for a period of twenty-five years from the date the ordinance approving the development plan becomes law. (emphasis added).

Mr. Groppe found that McDonald's had failed to submit complete building plans, had not consulted the developer about the parcel and had not submitted a parcel development agreement with the developer, ordinarily a prerequisite to development in a Chapter 353 area, and had failed to supply any information concerning parcel development agreements required by Ordinance 59515. Based on the absence of a parcel development agreement, Mr. Groppe concluded that McDonald's building plans were not in substantial compliance with the redevelopment plan. He notified respondent Daly of his findings in a memorandum dated April 16, 1987.

Respondent Daly, in turn, directed a letter to McDonald's. His letter cited Mr. Groppe's conclusion, as well as his own findings that the plans for the truss diagrams and for the minimum required fire protection for a commercial structure were inadequately detailed. Respondent Daly refused to issue the requested building permit to McDonald's. His letter also advised McDonald's of its right to appeal to the Board of Adjustment within thirty days of this notice.

McDonald's filed no appeal with the Board of Adjustment. Instead, McDonald's filed its petition for writ of mandamus with the circuit court. In its petition McDonald's asserted that it was entitled to the issuance of the building permit by respondent Daly as a matter of right upon its meeting the building requirements for the proposed restaurant site. McDonald's asked that the writ of mandamus issue, directing respondents to approve McDonald's application and to grant a building permit for the site. After a hearing, the trial court summarily denied Mc-

Donald's petition for writ of mandamus, prompting McDonald's appeal to this court.

In its first point McDonald's contends that the evidence established its entitlement to the building permit. McDonald's states the sole reason for the denial was because the president of the board of public service found that McDonald's plans were not in substantial compliance with the Lafayette Towne Redevelopment Area. McDonald's argues that the building commissioner had no authority to require the president of the board of public service to approve McDonald's building application. McDonald's claims the right to own and operate its property unfettered by any of the redevelopment conditions, restrictions or provisions attached to property within the redevelopment area, because it eschewed any benefits of the redevelopment plan encompassing its property, including tax abatement.

On appeal we are not concerned with the reasoning of the trial court, but only whether the trial court reached a correct result. *State ex rel. Patterson v. Tucker,* 519 S.W.2d 22, 24[1] (Mo.App.1975). We review this case pursuant to Rule 73.01.

McDonald's highlights certain language of Ordinance 59515 of the City of St. Louis to support its position that Mr. Groppe had no authority to make a determination whether the building plans were in substantial compliance with the redevelopment plans envisioned in the ordinance because McDonald's was not seeking tax abatement and related financial incentives. McDonald's focuses on paragraph 18(f) of Ordinance 59515 which provides:

*If* any portion of the real property is not used, operated and maintained in accordance with the 1985 Plan and any amendments thereto, *or in the event that a transferee does not desire the property to continue under the 1985 Plan and any amendments thereto, such portion of the real property shall be assessed for ad valorem taxes upon the full true value of the real property and may be owned and operated free from any of the conditions, restrictions or provisions of Chapter 353 of the Re-*

*vised Statutes of Missouri, 1978, Chapter 11.06 of the Revised Code of the City of St. Louis, 1980, and the ordinance approving the 1985 Plan,* but will not constitute a withdrawal of other parcels of property from the benefit of Chapter 353 of the Revised Statutes of Missouri, 1978, as amended, Chapter 11.06 of the Revised Code of the City of St. Louis, 1980, or said ordinance. A breach of any covenant or obligation of the 1985 Plan or any obligation imposed by Chapter 353 of the Revised Statutes of Missouri, 1978, as amended, or Chapter 11.06 of the Revised Code of the City of St. Louis, 1980, by any owner will not constitute a breach by any other owner in the Development Area and each development will be treated separately for this purpose. (emphasis added).

McDonald's states that the foregoing language in the ordinance specifically exempted its property from the provisions of Chapter 11.06 of the Revised Code of the City of St. Louis, 1980 which authorized Mr. Groppe's review of the building plans. McDonald's concludes that, since the plans need not be submitted to Mr. Groppe, his findings provided no basis for Mr. Daly to deny the permit application.

Citing *Wolfner v. Board of Adjustment,* 672 S.W.2d 147, 150 (Mo.App.1984), McDonald's acknowledges that the issuance of a building permit is a ministerial act which the building commissioner may not refuse to perform if the requirements of the applicable ordinance have been met. We agree with this general principle. Without deciding whether the permit's issuance was properly referred to Mr. Groppe, we believe McDonald's position suffers from a critical shortcoming. The record clearly establishes other valid prerequisites for the issuance of the permit that were not met. The building commissioner testified unequivocally that the application was defective because it failed to identify the contractor; further, the plans for the truss diagrams and for the minimum required fire protection for a commercial structure were not sufficiently detailed. While McDonald's characterizes these problems as "minor", and capable of being worked out in the normal course of events, these problems undercut McDonald's right to the relief sought by mandamus. To be entitled to mandamus, one must show a clear, unequivocal, specific right to have the act performed as well as a corresponding present, imperative, and unconditional duty on the part of respondent to perform the action sought. *State ex rel. Pisarek v. Dalton,* 549 S.W.2d 904, 905[1] (Mo.App. 1987); *State ex rel. Patterson v. Tucker,* 519 S.W.2d at 24[2].

McDonald's did not show a clear, unequivocal right to have the building commissioner issue it the building permit. The trial court's action in refusing to make its writ of mandamus peremptory was proper. The judgment is affirmed.

KAROHL, P.J., and SMITH, J., concur.