Paul JORDAN and Martha Patricia
Jordan, his wife, Plaintiffs–
Respondents,

v.

CITY OF CENTERVILLE,
Defendant–Appellant.

No. 25548.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 10, 2003.

Nicole Harris, A.W. Dieffenbach, Jr., Wegmann, Gasaway, Stewart, Dieffenbach, Tesreau & Sherman, Hillsboro, Christina L. Kime, Michael J. Hackworth, Hackworth & Kime, Piedmont, for Appellant.

No appearance, for Respondent.

JOHN E. PARRISH, Judge.

City of Centerville (city) appeals a judgment declaring a provision of its municipal liquor license as "arbitrary, unreasonable and unconstitutional." The judgment is reversed.

Paul Jordan and Martha Patricia Jordan (plaintiffs) brought this action for declaratory judgment in which they challenge the validity of Section 12 of city's municipal liquor license ordinance, Ordinance No. 2001–1. Section 12 states: [1]

(a) The number of establishments, taverns or persons licensed to sell intoxicating liquor or malt liquor or non-intoxicating beer by the drink for consumption on the premises or in the original package not to be consumed on the premises where sold is hereby set, fixed and determined at not more than one.

(b) The number of establishments licensed to sell non-intoxicating beer in the original package, not to be consumed on the premises, or at retail by the drink for consumption on the premises, is hereby set, fixed and determined at not more that one.

This case was submitted to the trial court on written stipulated facts. Facts recited in this opinion are gleaned from that written stipulation.

On or about July 1, 2001, plaintiffs made an oral request to city for issuance of a license for either a package liquor store or bar. The request was to city's mayor. City held a special meeting of its Board of Alderpersons on August 13, 2001, at which plaintiffs' request for a license was denied. City had no ordinance at that time regarding restriction of establishments that served or sold liquor or other types of alcoholic beverages.

On November 8, 2001, city enacted Ordinance No. 2001–1. Prior to enactment of Ordinance No. 2001–1, city had never had an ordinance that restricted the sale of alcohol within its city limits. On November 8, 2001, there was one establishment within city that sold liquor either by the drink or in the original package. It was Centerville Quick Stop. It currently holds city's only issued liquor license.

On December 11, 2001, plaintiffs applied in writing for issuance of a liquor license to open a package liquor store or bar.[2] That application was amended January 30, 2002, to request only a package liquor license for premises within city. City denied the application on February 14, 2002, at a meeting of its Board of Alderpersons.

On June 12, 2002, plaintiffs filed this action seeking declaratory judgment that city's ordinance was unconstitutional. On July 30, 2002, at the request of city and using an application form provided by city, plaintiffs again formally applied for a license to operate a package liquor store. City denied the application October 10, 2002, at a meeting of its Board of Alder-

---

1. At oral argument, counsel for city represented that the ordinance authorizes one license for a package store and one license for a business where intoxicants would be consumed on its business premises. Whether that is a correct interpretation of the ordinance is not an issue to be determined by this appeal.

2. The stipulation of facts on which the case was submitted to the trial court states both plaintiffs applied for a license; however, the application, a copy of which is part of the legal file submitted to this court, identifies Martha Patricia Jordan as the only applicant.

persons. The trial court entered judgment March 7, 2003, declaring ordinance No. 2001–1 "arbitrary, unreasonable and unconstitutional and, therefore, ... set aside and held for naught."

This case was tried before the court without a jury. Appellate review is undertaken pursuant to Rule 84.13(d). The judgment will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law. *Parnell v. Sherman,* 899 S.W.2d 900, 901 (Mo.App.1995).

*Artilla Cove Resort, Inc. v. Hartley,* 72 S.W.3d 291, 293 (Mo.App.2002).

■ City presents one point on appeal. It contends the trial court erred in entering judgment setting aside the ordinance; that the trial court "misapplied the law in finding that the ordinance is arbitrary and unreasonable due to the fact that it eliminates competition for the sale of liquor in that the limiting of the number of liquor licenses within the city is a valid exercise of police power in the interest of the public despite any resulting restraint of trade." City's point further asserts that there are no other grounds on which the trial court could have properly set aside the ordinance.

■ City is a city of the fourth class located in Reynolds County, Missouri. Its population, according to the 2000 census, is 171. Thus, it is a municipal corporation. *State ex rel. Casey's General Stores, Inc. v. City of West Plains,* 9 S.W.3d 712 (Mo. App.1999), explains the authority of a municipal corporation regarding control and regulation of intoxicating liquor:

Chapter 311 [ [3] ] is entitled the "Liquor Control Law," § 311.010, and is a comprehensive scheme for the regulation

and control of the manufacture, sale, possession, transportation and distribution of intoxicating liquor. *John Bardenheier Wine & Liquor Co. v. City of St. Louis,* 345 Mo. 637, 135 S.W.2d 345, 346 ( [banc] 1939). A municipal corporation's powers regarding the control and regulation of intoxicating liquor are derived from and subject to the Liquor Control Act. *State ex rel. Payton v. City of Riverside,* 640 S.W.2d 137, 140 (Mo. App. W.D.1982). In this regard, we note that the traffic of liquor is not a lawful business except as authorized by express legislation, and no person has the natural or inherent right to engage in it. *State ex rel. Missouri Baptist Hosp. v. Nangle,* 230 S.W.2d 128, 131 (Mo.App.St.L.1950). The authority to license and regulate the sale of intoxicating liquor is for the purpose of preserving the public peace, good order and security against dangers arising from the traffic of such liquors. *State ex rel. Hewlett v. Womach,* 355 Mo. 486, 196 S.W.2d 809, 815 ( [banc] 1946).

*Id.* at 717. Section 311.220.2, RSMo 2000, states that "[t]he board of aldermen, city council or other proper authorities of incorporated cities, may ... make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors within their limits ... where not inconsistent with the provisions of this law."

*State ex rel. Hewlett v. Womach, supra,* addressed a municipal corporation's ordinance-making authority with respect to regulating the sale of intoxicating liquor:

"When a municipal corporation is invested with power to license or regulate the sale of intoxicating liquors, it has implied authority to make all such ordinances as may be necessary to make the

---

**3.** References to statutes in the quotation are to RSMo 1994. For purposes of the issues in this case, the present revision of Missouri

statutes, RSMo 2000, is consistent with the discussion in the cited case.

grant of power effectual, and to preserve the public peace, good order and security against dangers arising from the traffic in such liquors. It is only required that such ordinances should be within the scope of the powers granted, and not unreasonable, unjust, or unduly oppressive, or unfairly discriminating." 33 C.J., Intoxicating Liquors § 70.

Where the power to regulate and control is delegated to a municipality, ordinances enacted in pursuance thereof which limit the number of licenses to be issued are upheld. See 30 Am.Jur., Intoxicating Liquors, § 107, and the extensive annotations supporting this view in 124 A.L.R. 825 loc.cit. 829, and 139 A.L.R. 840. . . .

196 S.W.2d at 815.

 Plaintiffs filed no brief in this appeal.[4] Thus, this court has been provided no authority that supports the trial court determination that city's statute is arbitrary, unreasonable and unconstitutional. This court's independent research disclosed no such authority. "An ordinance of a municipality is presumed to be valid." *Parking Systems, Inc. v. Kansas City Downtown Redevelopment Corp.*, 518 S.W.2d 11, 16 (Mo.1974). Limitations on the number of liquor licenses issued by a municipality were upheld in *State ex rel. Payton v. City of Riverside*, 640 S.W.2d 137 (Mo.App.1982), and *State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert*, 424 S.W.2d 73 (Mo.App.1968).[5]

 Adoption of an ordinance limiting the number of liquor licenses a municipality may issue that does not conflict with applicable state statutes is a legislative act that requires no prescription of standards or criteria. *State ex rel. Payton, supra*, at 143. City's claim that its enactment of an ordinance limiting the number of liquor licenses it would issue was a valid police power, notwithstanding that it limits competition, is well taken.[6] The judgment is reversed. The case is remanded with directions that the trial court enter judgment declaring Section 12 of city's Ordinance No. 2001–1 valid.

SHRUM, J., and RAHMEYER, C.J., concur.

---

**4.** There is no penalty for a respondent failing to file a brief. *In re Klaas*, 8 S.W.3d 906, 908 (Mo.App.2000). A respondent's failure to file a brief, however, requires this court to adjudicate an appellant's claim of error without benefit of whatever argument a respondent might have presented.

**5.** Other states have upheld limitations on the number of establishments within city limits that may have liquor licenses. *See, e.g., Crazy Horse, Inc. v. Pearce*, 98 Idaho 762, 572 P.2d 865, 868 (1977), quoting *Gartland v. Talbott*, 72 Idaho 125, 130, 237 P.2d 1067, 1070 (1951), (" 'A limitation of the number of licenses which will be issued for the sale of intoxicants within a municipality or within a given area is not of itself prohibitory, and is recognized as a legitimate regulation tending to promote public health, safety and welfare within the police power. [citations omit-

ted].' "); *State v. City of Jacksonville*, 157 Fla. 276, 25 So.2d 569, 571 (1946), ("[S]o long as the ratio fixed does not result in absolute or practical prohibition within the community affected, the legislative discretion will not be disturbed.")

**6.** City's point on appeal further argued there was no other grounds on which the trial court could have properly set aside its ordinance. That part of its argument is not reviewed in that the trial court judgment states as its reason for finding for plaintiffs that the ordinance eliminated competition. It appears that no other issue with respect to the validity of the ordinance was put before the trial court. This court will not, on review, convict a lower court of error on an issue that was not put before it to decide. *Boatmen's Bank of Southern Missouri v. Foster*, 878 S.W.2d 506, 508 (Mo.App.1994).