**MODERN DAY VETERANS CHAPTER NO. 251, Relator–Respondent,**

v.

**CITY OF MILLER, Respondent–Appellant.**

No. 25282.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 27, 2004.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, Rares H. Masri, Boxx & Associates, P.C., Monett, for appellant.

Tina M. Longnecker, Whitworth, McPherson and Longnecker, L.L.C., Joplin, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

The City of Miller ("Miller") appeals from the circuit court's issuance of a writ of mandamus, which ordered Miller to grant to Modern Day Veterans Chapter No. 251 ("Modern Day") a license to sell liquor by the drink. On appeal, Miller alleges trial court error in the issuance of the writ of mandamus because Section 311.090.1 [1] governs issuance of state liquor licenses, and not city liquor licenses, and because Miller Ordinance 3–25 is not inconsistent with Section 311.090.1. We affirm.

Modern Day is a non-profit, veterans' corporation that enjoys tax exempt status pursuant to I.R.C. § 501(c)(19). Sometime prior to May 18, 2000, Modern Day applied to Miller for a license to sell intoxicating liquor by the drink within the city limits. According to Miller, pursuant to city ordinance 3–25, the city is permitted to issue a liquor by the drink license only if the issue is first presented to and approved by the voters of Miller. On May 18, 2000, Modern Day's application for a liquor license was taken up by the Miller Board of Aldermen, and on May 22, Modern Day was informed by letter that its application had been denied because the voting procedure mandated by ordinance 3–25 had not been observed. Modern Day then filed its Petition for Writ of Mandamus on the grounds that § 311.090.1 permits a tax-exempt veterans' organization to acquire a liquor by the drink license even if the acquisition of such a license would otherwise be prohibited or limited by another provision of the Missouri Liquor Control Act.[2] The circuit court subsequently granted Modern Day's petition and ordered Miller to grant the requested license to sell liquor by the drink. This appeal by Miller follows.

In its lone point on appeal, Miller contends that the trial court's issuance of the writ of mandamus was erroneous, in that it was based on a misapplication of § 311.090.1, and the veterans' organization exemption contained therein, to Miller Ordinance 3–25. In particular, Miller argues that while § 311.090.1 provides an exemption whereby veterans' organizations may acquire a *state* license to sell liquor by the drink, the Local Option Statute authorizes "any incorporated city" to issue *city* liquor licenses and thereby regulate the sale of alcohol within the city limits. Thus, according to Miller, the § 311.090.1 exemption only provides a mechanism through which veterans' organizations can obtain a state liquor license and, inasmuch as Miller Ordinance 3–25 governs the issuance of Miller city liquor licenses, the city ordinance does not conflict with state law.

When reviewing a trial court's judgment regarding a petition for mandamus, our review is governed by *State ex rel. Casey's General Stores, Inc. v. City of West Plains,* 9 S.W.3d 712 (Mo.App. S.D. 1999). The judgment will be affirmed unless the trial courts commits an abuse of discretion so arbitrary and unreasonable

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. The Liquor Control Act is set forth at § 311.010 *et seq.*

as to shock the sense of justice and indicate a lack of careful consideration. *Id.* at 715. If reasonable people could differ about the propriety of the trial court's ruling, this court will not find an abuse of discretion. *Whitman's Candies, Inc. v. Pet Inc.*, 974 S.W.2d 519, 527–28 (Mo.App. W.D.1998). We further note that mandamus only lies when there is an unequivocal showing that a public official failed to perform a ministerial duty imposed by law. *Casey's,* 9 S.W.3d at 715.

In the case before us, the trial court found that:

> [Section] 311.090 R.S.M.o. provides that the sale of intoxicating liquor by the drink at retail for consumption on the premises is authorized only by a vote of the majority of the qualified voters of a city with a population of less than 19,-500. That is to say that if a private business person or entity (such as Casey's) sought a license, a vote of the people quite properly would be required in the City of Miller. However, 311.090 specifically exempts ... a charitable, fraternal, religious, service or veteran's organization which has obtained an exemption from the payment of federal income taxes as provided in section ... 501(c)(19) ... Modern Day Veterans has the requisite exemption under the provisions of Section 501(c)(19)[.]

Section 311.090.1 provides, in relevant part, that:

> [N]o license shall be issued for the sale of intoxicating liquor, other than malt liquor containing alcohol not in excess of five percent by weight, and light wines containing not in excess of fourteen percent of alcohol by weight made exclusively from grapes, berries and other fruits and vegetables, by the drink at retail for consumption on the premises where sold to any person *other than a charitable, fraternal, religious, service or veterans' organization which has obtained an exemption from the payment of federal income taxes as provided in section* 501(c)(3), 501(c)(4), 501(c)(5), 50(c)(7), 501(c)(8), 501(c)(10), 501(c)(19), or 501(d) of the United States Internal Revenue Code of 1954, as amended, in any incorporated city having a population of less than nineteen thousand five hundred inhabitants, until the sale of such intoxicating liquor, by the drink at retail for consumption on the premises where sold, shall have been authorized by a vote of the majority of the qualified voters of the city. (emphasis added).

Miller does not dispute that Modern Day has obtained the requisite exemption from the payment of federal income taxes as provided in Section 311.090.1. Miller merely argues that the plain meaning of the statute does not indicate that it applies to cities. This argument has no merit. There is no question that Chapter 311 of the Missouri Revised Statutes sets forth the Liquor Control Law and establishes it as is a comprehensive scheme for the regulation and control of the manufacture, sale, possession, transportation, and distribution of intoxicating liquor. *John Bardenheier Wine & Liquor Co. v. City of St. Louis,* 345 Mo. 637, 135 S.W.2d 345, 346 (1939). Section 311.040 provides that the provisions of the Liquor Control Law apply to every incorporated city, town, or village, or by special charter under the state constitution, any ordinance or charter provision of any city, town, or village to the contrary notwithstanding. The "notwithstanding" has been defined as "in spite of"; therefore, the provisions of Chapter 311 apply to the City of Miller "in spite" of any ordinance or charter provision that the city may have enacted. *See Casey's,* 9 S.W.3d

at 717.[3]

■ Section 311.090.1 clearly sets out an exception for certain organizations to the statute's voter approval provision that applies to incorporated cities with a population of less than 19,500 inhabitants. Those exceptions are also found in Sections 311.090.2 and 311.090.3. Accepting Miller's argument would make a nullity of the plain language in Section 311.090 concerning exceptions. We decline to interpret the statute in a way that would give no meaning to the phrase "other than a charitable, fraternal, religious, service or veterans' organization which has obtained an exemption from the payment of federal income taxes." Our fundamental objective is to ascertain the intent of the legislature from the language of the statute and, if possible, to give effect to that intent. *Id.* at 716. The judgment of the trial court granting the writ of mandamus is not arbitrary or unreasonable, nor does it shock our sense of justice or indicate a lack of careful consideration by the trial court.

In making this decision, we do not ignore the second prong of Miller's argument, namely that the Miller ordinance is not inconsistent with Section 311.090.1. We are unable, however, to provide a more complete analysis of the interplay between the Miller ordinance and the state statute because, contrary to Rule 84.04(h)(2),[4] Miller failed to provide this court with the entire text of ordinance 3–25. We cannot properly review Miller's point on appeal without the benefit of having the entire text of ordinance 3–25 before us. While Modern Day *partially* set forth ordinance 3–25 in three different sections of its brief and appendix, it provided a *different* por-

tion in each instance. Moreover, the versions of the ordinance are not merely cosmetically different; instead, they do not share any common provisions, such as uniform lettering or numbering of the subsections and, thus, appear to be fundamentally and irreconcilably different. The crux of Miller's second argument is whether the ordinance is contradictory to state law and this issue cannot be resolved without a careful and complete analysis of the ordinance itself. The point is denied.

The trial court's judgment and order in mandamus is affirmed.

PARRISH, J., concurs.

SHRUM, J., concurs in separate opinion.

KENNETH W. SHRUM, Judge.

I concur in the result. I write separately to note that the Miller ordinance was never put in evidence; consequently, it was not something that Miller or Modern Day could have properly included in the legal file or otherwise put before this court.

If Miller had claimed its ordinance was designed to limit the number of liquor-by-the-drink licenses for tax-exempt organizations, then the exact language of the ordinance would have been relevant in deciding if the ordinance was unreasonable, unjust, or unduly oppressive. *See Jordan v. City of Centerville*, 119 S.W.3d 214 (Mo. App.2003). However, that is not what the record shows.

Here, Miller simply refused to issue a license to Modern Day because its qualified voters had not, by vote, authorized the issuance of such a license. Thus, the issue

---

**3.** We are only concerned here with Miller's point relied on regarding the applicability of Section 311.090.1 to Miller. The term "notwithstanding" does not mean it is to the com-

plete exclusion of all other statutory provisions. *Casey's,* 9 S.W.3d at 717.

**4.** All rule references are to Supreme Court Rules (2003), unless otherwise stated.

**180**

in this case is whether Miller could absolutely *prohibit* a liquor-by-the-drink license for tax-exempt organizations unless the license was authorized by a vote of the people, not whether Miller could *limit* the number of licenses by requiring voter approval for additional licenses of this type.

Under the circumstances, the presence or absence of Miller's ordinance, or the presence or absence of its specific language, is of no consequence. Whatever the language of the Miller ordinance, Miller used it to refuse a license to Modern Day unless Miller's voters approved the license. Based on Miller's interpretation of its ordinance, it is "inconsistent" with section 311.090.1 as it prohibits what section 311.090.1 allows. That is to say, Miller interprets the ordinance as prohibiting a liquor-by-the-drink license for Modern Day unless there is voter approval, whereas section 311.090.1 allows Modern Day such a license *regardless* of voter approval. Miller had no authority to adopt such an ordinance, whatever its language. *See* 311.220.2, RSMo 2000. Consequently, the trial court did not err in issuing the writ of mandamus.