**ST. CHARLES COUNTY, Missouri, Appellant,**

v.

**ST. CHARLES SIGN & ELECTRIC, INC., Respondent.**

No. ED 89506.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 6, 2007.

Robert E. Hoeynck, St. Charles, MO, for appellant.

John T. Bruere, Troy, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

St. Charles County appeals the judgment of the trial court in favor of St. Charles Sign and Electric, Inc. ("SCSE") on St. Charles County's petition for injunction and fines. St. Charles County argues that the trial court erred in entering judgment in favor of SCSE because it erroneously interpreted Ordinance Number 04–177. We reverse.

St. Charles County filed an action against SCSE [1], and subsequently filed an amended petition for injunction and fines. In its amended petition, St. Charles County alleged that SCSE did not have fencing in violation of Ordinance Number 04–177 ("the ordinance"). The ordinance required that businesses storing inventory outdoors consisting of "reclaimed, junked, salvaged, scrapped or otherwise previously used inventory," must enclose such storage with fencing. St. Charles County served SCSE with an order to correct the violation, and SCSE failed to do so. St. Charles County filed its action, seeking an order requiring SCSE to correct the violation and pay fines for the violation. The parties stipulated to certain facts, and each party filed a memorandum of law with the trial court. The court entered its findings of fact, conclusions of law, and judgment in favor of SCSE on St. Charles County's claims. The court found the ordinance extended to the regulation of all outdoor storage without defining the term nuisance. The court determined no statutory or common law authority existed for declaring all outdoor storage a nuisance. St. Charles County filed a motion to amend the judgment. The trial court failed to rule on the motion, deeming it denied pursuant to Missouri Supreme Court Rule 78.06 [2]. St. Charles County now appeals.

Our review of the trial court's judgment is governed by the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *City of Portage Des Sioux v. Lambert,* 196 S.W.3d 587, 591 (Mo.App. 2006). We affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Id.*

In its sole point on appeal, St. Charles County claims the trial court erred in entering judgment in favor of SCSE on the basis that the ordinance declared all outdoor storage a nuisance, and no statutory or common law authority existed for St. Charles County to do so. St. Charles County argues the ordinance did not declare all outdoor storage a nuisance. Instead, St. Charles County asserts the ordinance imposed reasonable regulations upon outdoor storage of used inventory to prevent such storage from becoming a nuisance. St. Charles County argues it was authorized to do so by statute, and by

---

1. We have not been provided with the original petition in the record on appeal.

2. Rule 78.06 states that a motion to amend the judgment is "overruled for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed."

provisions in the St. Charles County charter.

 As the trial court noted, the ordinance at issue here was enacted pursuant to St. Charles County's police power. *See City of Green Ridge v. Kreisel,* 25 S.W.3d 559 (Mo.App.2000) (ordinance enacted pursuant to regulation of health and safety was not zoning ordinance). "The purpose of police power is to promote the public health, safety, and welfare." *Bezayiff v. City of St. Louis,* 963 S.W.2d 225, 229 (Mo.App.1997). While police power is not unlimited, it is very broad. *Id.* To determine whether an ordinance is enacted pursuant to a legitimate exercise of police power, the court considers whether the requirements of the ordinance have a substantial and rational relationship to the health, safety, peace, comfort, and general welfare of the inhabitants of the municipality. *Id.* If an ordinance is enacted pursuant to valid police power under this test, the ordinance is presumed valid. *Id.* The party challenging the ordinance must negate every potential basis that might support it. *Id.* "If reasonable minds might differ as to whether a particular ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public, then the issue must be decided in favor of the ordinance." *Id.*

 The trial court, citing *Olympic Drive-In Theatre, Inc. v. City of Pagedale,* 441 S.W.2d 5 (Mo.1969), found that no statutory or common law authority existed to support St. Charles County's declaration of outdoor storage a nuisance. Section 79.370 RSMo (2000) grants power to the board of alderman to "regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health, . . . and to pass ordinances for the prevention of nuisances and their abatement." In *Olympic Drive-In Theatre, Inc.,* the court held that even pursuant to section 79.370, the city did not have the power to declare something to be a nuisance that is not so at common law or by statute, or is not "in fact a nuisance." *Id.* at 9. In the present case, the trial court also concluded the ordinance extended the police power beyond simply regulation of salvage yards to encompass all outdoor storage without defining nuisance. We believe these conclusions are erroneous.

The ordinances at issue in *Olympic Drive-In Theatre, Inc.,* relied upon by the trial court, are distinguishable from the ordinance at issue here. In *Olympic Drive-In Theatre, Inc.,* the ordinances allowed the mayor essentially unlimited discretion as to what constituted a "nuisance." 441 S.W.2d at 8, 9. The only test included a consideration of "noise or immoral activity on the premises," and the court concluded this was too vague to serve as the basis for action on the part of the mayor. *Id.* at 9. Here, Ordinance No. 04–177 provides that businesses who store inventory outdoors, "when such inventory consists of reclaimed, junked, salvaged, scrapped or otherwise previously used inventory," must enclose such storage with fencing. This clearly does not apply universally to "all outdoor storage." Instead, the ordinance is directed only to the outdoor storage of particular inventory, specifically secondhand items and other scrap items. The question regarding whether the outdoor storage is subject to the fencing requirement of the ordinance is not left to the unfettered discretion of St. Charles County. Instead, the parameters of the fencing requirement are specifically enumerated, as noted above.

Moreover, there is common law precedent to support the conclusion that the ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public. In support of this proposition, St. Charles County points to a

similarly worded ordinance which was considered by the court in *City of Green Ridge v. Kreisel*, 25 S.W.3d 559 (Mo.App. 2000). In *City of Green Ridge*, the city appealed summary judgment in favor of Kreisel in its action against Kreisel for violation of the ordinance. The trial court found the ordinance invalid because the city had not followed the notice and hearing requirements for zoning ordinances. The court of appeals reversed the trial court's judgment, finding that the ordinance was not a zoning ordinance, but instead an ordinance directed toward regulation of health and safety. *Id.* at 560. Therefore, the city was not required to comply with the notice and hearing requirements for zoning ordinances. *Id.* The court of appeals noted that the ordinance required a fence or wall to be constructed to contain the junk items therein to prevent them from protruding on public property and to avoid the spread of junk and odors. *Id.* at 565. The court stated that the purpose of the ordinance was to regulate potential nuisances for public health and safety reasons. *Id.* Thus, the court found the ordinance was not a zoning ordinance, but instead was one "directed toward issues which do, in fact, concern the prevention of nuisances and their abatement as a means of regulating businesses so as to promote the public health." *Id.*

Although the ordinance at issue in *City of Green Ridge* was one specifically regulating junkyards, it is analogous to the ordinance at issue here. St. Charles County sought to regulate the outdoor storage of essentially scrap or junk items by businesses, and as in the regulation of junkyard storage of such items, sought to regulate potential nuisances for health and safety reasons. As noted by the court in *City of Green Ridge*, such a regulation does concern the prevention of nuisances and promotes public health and safety.

Additionally, the court in *Bezayiff v. City of St. Louis* considered arguments concerning an ordinance regulating the possession of inoperable vehicles on private property. 963 S.W.2d at 228. The ordinance at issue contained a requirement that an inoperable vehicle be enclosed within a building or fenced area. *Id.* The court concluded that, "[g]eneral welfare accommodates the concept that an environment free from unsightliness and other visual intrusion enhances life and is a value that the police power will protect." *Id.* at 229. As a result, the court found a requirement that an inoperable vehicle be enclosed within a building or fenced area furthers the health, safety, and aesthetic goals of the city. *Id.* at 230. Thus, the court held the ordinance furthered a significant and proper government use and constituted a proper use of the police powers. *Id.*

Although the ordinance in *Bezayiff* is somewhat factually distinct, the general principles set forth by the court apply equally to the present case. Here, the ordinance requires that essentially junk or scrap inventory stored outdoors must be enclosed by a fence. Similar to the considerations in *Bezayiff*, the ordinance in this case protects against "unsightliness," as well as any potential safety hazard to the public. Thus, the requirement that particular inventory stored outdoors must be enclosed by a fence bears a substantial and rational relationship to the health, safety, peace, and general welfare of the public, and the ordinance is a proper use of St. Charles County's police powers.

 SCSE attempts to argue that the judgment can be affirmed because it had a legal nonconforming use. The term "nonconforming use" means the use of land which lawfully existed prior to the enactment of a zoning ordinance. *Williams v. Department of Bldg. Develop-*

*ment Services of City of Springfield,* 192 S.W.3d 545, 548 (Mo.App.2006). The use is maintained after the effective date of the ordinance, even though it is not compliant with the new restrictions. *Id.* The prior use of the property establishes a vested property right, and the new ordinance may not be applied to require the owner to cease that use. *Id.* The basis for the doctrine is that applying new zoning restrictions to established uses of land would constitute a taking of private property without just compensation or due process. *Id.* Here, the ordinance at issue was not a zoning ordinance. Therefore, SCSE's non-conforming use argument fails.

We note that a zoning ordinance is not a prerequisite for a taking of property without just compensation. Instead, a regulatory taking can also result from the imposition of an invalid regulation. *Glenn v. City of Grant City,* 69 S.W.3d 126, 130 (Mo.App.2002). " 'A regulatory taking occurs when a regulation enacted under the police power of the government goes too far.' " *Id.; (quoting Clay County ex rel. County Comm'n of Clay County v. Harley and Susie Bogue, Inc.,* 988 S.W.2d 102, 106 (Mo.App.1999)). Here, the regulation at issue was a valid exercise of St. Charles County's police power. Therefore, no regulatory taking occurred.

As a result of the foregoing, we believe the trial court erred in concluding the ordinance applies to all outdoor storage without definition of nuisance. The court also erred in its finding no statutory or common law precedent existed to support the declaration of all outdoor storage a nuisance. The ordinance in question expressly defines the specific inventory subject to the fencing requirement of the ordinance. Moreover, there is statutory and common law authority supporting the enactment of the ordinance pursuant to St. Charles County's police powers.

The judgment of the trial court is reversed.

ROY L. RICHTER, P.J. and GLENN A. NORTON, J., concur.