

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

MARTIN C. HECK, Jr., and VICTORIA ) No. ED101157
HECK d/b/a PACIFIC MOBILE MANOR, )
                                  )
       Appellants, ) Appeal from the Circuit Court
                                  ) of Franklin County
vs. )
                                  ) Honorable Isidore I. Lamke
CITY OF PACIFIC and CITY OF )
PACIFIC BOARD OF ZONING )
ADJUSTMENT, )
                                  )
       Respondents. ) FILED: October 28, 2014

## Introduction

Appellants Martin C. Heck, Jr. and Victoria Heck ("the Hecks") appeal from the

judgment of the Circuit Court of Franklin County affirming the decision of the City of Pacific

Board of Zoning Adjustment ("the BZA"). The Hecks sought a variance from the City of Pacific

Ordinance Section 400.240(D)(3) ("Section 400.240(D)(3)"), which prohibits the placement of a

new manufactured home[1] in an existing manufactured home park unless the new manufactured

home is placed at least twenty feet from any other home or structure. The BZA denied the

variance, and thereafter the Hecks filed a writ of certiorari in the circuit court. The circuit court

affirmed the decision of the BZA. On appeal, the Hecks argue that the spacing requirements of

---

[1] Manufactured homes were formerly known as mobile homes and are still commonly referred to as mobile homes. We use both terms interchangeably throughout the opinion.

Section 400.240(D)(3) may not be enforced within their mobile home park because they hold a legal nonconforming use for their entire mobile home park. Because the record does not inform this Court that the BZA properly considered whether the mobile home park operated by the Hecks was a lawful continuing nonconforming use, we reverse and remand this matter to the BZA for a hearing on the issue of whether the Hecks have a lawful continuing nonconforming use of the mobile home park.

Factual and Procedural History

The Hecks own a tract of land in the City of Pacific ("City") and operate a mobile home park known as Pacific Mobile Home Manor ("Pacific Manor") on that tract. The Hecks have operated Pacific Manor on this tract of land since approximately 1983. Within Pacific Manor is a mobile home pad with an address designated as 303 South Second Street ("the Pad"). The Pad is positioned fourteen feet and ten inches from the mobile home pad directly to its south and fourteen feet and eight inches from the mobile home pad directly to its north. The Hecks previously rented the Pad to renters who owned their own mobile home. Two years after those renters moved out, the Hecks sought to install a new mobile home of the same size on the vacant Pad. City informed the Hecks that the new mobile home could not be placed upon the Pad unless they first obtained a variance from City's pad spacing ordinance, which requires twenty feet of space between each mobile home. The applicable ordinance provides:

D. *Standards for Existing Manufactured Homes.*

3. No manufactured home shall be placed in any manufactured home park existing on the effective date of this Chapter as a replacement to any existing manufactured home unless said manufactured home is placed at least twenty (20) feet from any other manufactured home or any other structure.

2

Section 400.240(D)(3). The effective date of the ordinance is July 2, 1996. City of Pacific Ordinance Section 400.240(D)(1). In accord with the City's directive, the Hecks applied to City for a variance to reduce the twenty-foot spacing requirement.

City Zoning Officer Dave Myers ("the Zoning Officer") denied the application and the Hecks appealed to the BZA. The BZA held a public hearing on the matter on June 23, 2010. At the hearing, the Zoning Officer testified that the spacing reduction sought by the Hecks poses a life safety concern because "the spread of fire in a mobile home is greatly accelerated due to construction, material and type of construction. The separation of these units is essential for that purpose." The Zoning Officer further testified that strict application of the spacing requirement would oblige the Hecks to restructure the layout of the mobile home park, and that certain lots would not be usable until the new configuration was completed. The Zoning Officer also testified that there is no common ground at Pacific Manor, so the space between mobile homes is the only area for green space.

Mr. Heck testified that he was under the impression that he already had a variance for the Pad because the pad and mobile home on the pad was permitted when he bought the mobile home park in 1983. With respect to having to restructure the layout of Pacific Manor, Mr. Heck testified: "I mean I can't really move all the trailers out and get rid of them and totally reorganize that all. So I'm just trying to maintain the property and keep it as nice as I can." At the conclusion of the hearing, the BZA voted to deny the variance.

The Hecks subsequently filed a writ of certiorari in the Franklin County Circuit Court for review of the BZA's decision. The circuit court upheld the decision of the BZA. This appeal follows.

Points on Appeal

In their first point on appeal, the Hecks assert that the decision of the BZA is not authorized by law and not supported by competent and substantial evidence because Pacific Manor and the concrete pads therein existed prior to City's 1996 ordinance requiring twenty feet between mobile homes. Accordingly, the Hecks contend that the entire mobile home park is a lawful nonconforming use to which the ordinance cannot be applied. In their second point on appeal, the Hecks assert that the decision of the BZA is not authorized by law and not supported by competent and substantial evidence because the Hecks' nonconforming business of a mobile home park existed prior to City's 1996 ordinances and the Hecks never terminated their lawful nonconforming use.

Standard of Review

Appellate review of a trial court's decision on a board of adjustment decision requires the appellate court to independently review the original decision of the board of adjustment, not the trial court's decision. State ex rel. Teefey v. Bd. of Zoning Adjustment of Kansas City, 24 S.W.3d 681, 684 (Mo. banc 2000). During its review, the appellate court must determine whether the board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction. Id. The reviewing court should hold the board's decision to be illegal and void only if the BZA exceeded the authority granted to it. Id. In determining whether substantial evidence exists to support the decision of the board, we view the evidence, and its reasonable inferences, in a light most favorable to the board findings. Ogawa v. City of Des Peres, 745 S.W.2d 238, 242 (Mo. App. E.D. 1987).

4

The Hecks argue that the BZA erred in ruling that Section 400.240(D)(3) applies to Pacific Manor because Pacific Manor in its present configuration and spacing of pads preexisted the enactment of Section 400.240(D)(3) and therefore they possess a legal nonconforming use for the mobile home park. The Hecks maintain that their preexisting use extends to their mobile home park as a whole and not on a "per pad" basis. Accordingly, the Hecks argue that the spacing requirement in Section 400.240(D)(3) may not be imposed on the property when merely one mobile home is replaced within the mobile home park. The Hecks also assert that because their business of operating a mobile home park preexisted the enactment of Section 400.240(D)(3), City cannot lawfully apply the spacing requirements to Pacific Manor. The Hecks assert that to do so would unlawfully interfere with their nonconforming use rights to continue to operate their business.

The term "nonconforming use" means a use of land that lawfully existed prior to the enactment of a zoning ordinance and which is maintained after the effective date of the ordinance even though not in compliance with use restrictions. Storage Masters-Chesterfield, L.L.C. v. City of Chesterfield, 27 S.W.3d 862, 865 (Mo. App. E.D. 2000). A nonconforming use is a vested property right that may not be abrogated by a zoning ordinance. City of Sugar Creek v. Reese, 969 S.W.2d 888, 891 (Mo. App. W.D. 1998). "Zoning ordinances must permit continuation of nonconforming uses in existence at the time of enactment to avoid violation of constitutional provisions preventing the taking of private property without compensation." Id. At the same time, our Supreme Court has recognized that the spirit of zoning ordinances always has been and still is to diminish and decrease nonconforming uses. Hoffmann v. Kinealy, 389 S.W.2d 745, 750 (Mo. banc 1965). Accordingly, Missouri courts have allowed municipalities to

5

regulate and limit nonconforming uses by various means such as prohibiting the resumption of a nonconforming use after its abandonment or discontinuance, prohibiting the rebuilding or alteration of nonconforming structures or structures occupied for nonconforming uses, and prohibiting or rigidly restricting a change from one nonconforming use to another.  City of Sugar Creek, 969 S.W.2d at 891. The party claiming the vested property right has the burden of proving the existence of a prior nonconforming use.  Storage Masters-Chesterfield, 27 S.W.3d at 865.  Typically, the existence of a nonconforming use is asserted as an affirmative defense when an action is brought by a zoning authority to enforce a zoning ordinance.  1 Mo. Prac., Methods of Prac.: Transact. Guide § 12.7 (4th ed. updated 2013). [2]

City of Pacific Ordinance Section 400.240(D)(1) provides that "Lots with manufactured homes located within the City of Pacific in existence as of the effective date of this Chapter, July 2, 1996, may remain as legal non-conforming uses subject to the terms of Section 400.270 of this Chapter."[3]  Thus, lawful uses existing at the time Section 400.240(D)(3) was passed are not abrogated by the ordinance.  The record before us contains substantial evidence that the Hecks operated Pacific Manor in its current configuration beginning in 1983.  The continued operation of Pacific Manor as a lawful nonconforming use was, therefore, not abolished by Section 400.240(D)(3), which became effective in July 1996.  See City of Sugar Creek, 969 S.W.2d at 893.

City argues on appeal that even if the present configuration and spacing of pads in Pacific Manor was a lawful nonconforming use following the enactment of the 1996 zoning ordinance, that lawful nonconforming use has since been extinguished by alteration, abandonment, or both.

---

[2] A confusing procedural posture is presented in this case due to the fact that the action before the BZA was initiated by the Hecks' application for a variance even though the record supports a finding that the operation of Pacific Manor was a lawful pre-existing use to the zoning changes enacted by City in 1996.  The record shows that the Hecks did so at the direction of City officials.

[3] City of Pacific Ordinance Section 400.270, *inter alia*, regulates changes between nonconforming uses.

First, City argues that the zoning code prohibits the alteration of any structure that is devoted to a nonconforming use unless the replacement structure complies with the most current zoning regulations. City suggests that moving the old mobile home off the Pad constitutes a structural alteration. Second, City asserts that a nonconforming use which has been abandoned cannot thereafter be reestablished. Because the Pad sat vacant without a mobile home for two years, City maintains on appeal that the Hecks lost their right to continue their nonconforming use of the mobile home park through abandonment.

The record before us, while lacking in many respects, indicates that the Hecks operated Pacific Manor with less than twenty-foot spacing between the mobile home prior to 1996 and thus Pacific Manor enjoyed the status of a legal nonconforming use after the enactment of Section 400.240(D)(3). However, it is clear from the record that the BZA did not analyze or even consider the issue of whether the Hecks have the right to continue their nonconforming use, or whether the Hecks lost their legal property right to continue the nonconforming use due to their action or inaction. While the City argued the issue of abandonment and/or alteration before the trial court review of the BZA decision, and now on appeal, the argument was not presented before the BZA. We find no discussion in the record of whether the BZA considered the Hecks' use of Pacific Manor as a whole or on a "per pad" basis, nor any discussion or analysis of any alteration or abandonment of the Heck's use of Pacific Manor after 1996 that would potentially allow City to diminish or eliminate Hecks' nonconforming use under the principles discussed in Hoffmann v. Kinealy. Instead, the BZA solely determined whether to grant the Hecks a variance from the spacing requirements of Section 400.240(D)(3). A nonconforming use differs from a variance. If in fact the Hecks have continued their lawful nonconforming use for Pacific Manor, the spacing requirements of Section 400.240(D)(3) do not apply and no variance is needed.

7

Accordingly, we reverse and remand to the BZA with instructions that both parties be allowed to present evidence on the issue of whether the Hecks are entitled to continue their lawful nonconforming use for Pacific Manor.[4]

Conclusion

The decision of the BZA is reversed and the case is remanded to the BZA for a hearing on the issue of whether the Hecks are entitled to continue their lawful nonconforming use.

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

---

[4] Our review of the record of the circuit court proceedings strongly suggests that the Hecks have not acted in a manner that forfeits their right to continue the operation of the mobile home park as a lawful nonconforming use. However, because our standard of review limits our review to the BZA proceeding, we may not consider the circuit court record and are constrained to remand this matter to the BZA.

8